UNITED STATES of America,
Plaintiff–Appellee,

v.

Larry THOMAS, Defendant–Appellant.

No. 93–7217

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 21, 1994.

George L. Lucas, Jackson, MS, for defendant-appellant.

Jay Golden, Helen Victoria May, Asst. U.S. Attys., George Phillips, U.S. Atty., Biloxi, MS, for plaintiff-appellee.

Before POLITZ, Chief Judge, HIGGINBOTHAM and DeMOSS, Circuit Judges.

POLITZ, Chief Judge:

Convicted on a guilty plea for selling the government a foreign-made product that he represented to be domestically manufac-

tured, Larry Thomas appeals. Finding no error, we affirm.

### Background

Pursuant to a subcontract with a New York company, Thomas and his father supplied cloth-type electrical insulating tape to the United States Department of Defense. The government purchase order required compliance with the regulations implementing the Buy America Act, 41 U.S.C. § 10a. Thomas accordingly certified that the tape had only 20% foreign content when in fact it was manufactured entirely in Mexico. When the tape arrived at his Gulfport, Mississippi warehouse, Thomas removed the foreign labels before forwarding to the Department of Defense.

A grand jury handed up a 13–count indictment of Thomas and his father in connection with this scheme. Thomas pled guilty to Count 6, submitting a false claim to the government in violation of 18 U.S.C. § 287, and Count 12, concealing the country of origin in contravention of 19 U.S.C. § 1304. Six weeks later, shortly after receiving the Presentence Investigation Report, Thomas sought to withdraw his plea. His motion and his subsequent request for reconsideration were denied. Thomas was sentenced to ten months incarceration, a $10,000 fine, and three years supervised release. This appeal timely followed.

### Analysis

■ The focus of Thomas's appeal is his guilty plea. He attacks the plea as invalid because the district court erroneously informed him that the maximum fine for violation of 18 U.S.C. § 287 was $250,000 when in fact it was $1 million. He also faults the court for failing to explain supervised release. In this circuit we now subject all deficiencies in the Fed.R.Crim.P. 11 colloquy to harmless error analysis.[1]

[W]e focus on whether the defendant's knowledge and comprehension of the full

and correct information would have been likely to affect his willingness to plead guilty. Stated another way, we examine the facts and circumstances of the case to see if the district court's flawed compliance with Rule 11 may reasonably be viewed as having been a material factor affecting [the] defendant's decision to plead guilty.[2]

Thomas does not contend that the errors in his colloquy affected his decision to plead guilty nor does the record herein support such a suggestion. In his original motion to withdraw his plea Thomas attributed his change of heart to a statement in the PSR that his maximum exposure to incarceration was ten years, not the six years anticipated at the time of the plea. It developed that the PSR was incorrect; Thomas in fact was exposed to a maximum of six years imprisonment.[3] The motion was denied. After switching lawyers Thomas filed a motion for reconsideration ascribing his decision to plead guilty to bad advice and undue pressure from his former attorney. The first mention of the misstatement of the maximum fine or the failure to explain supervised release occurred in his appellate brief, filed by a third attorney. These most recently assigned reasons appear to be merely *post hoc* rationalizations for Thomas's second thoughts about the wisdom of his decision. Thomas was not aware that he was exposed to a $1 million fine when he attempted to withdraw his plea. He has not shown and indeed cannot show that the ascribed errors were a material factor in his decision to plead guilty. His plea, therefore, was knowing and voluntary.

■ From a slightly different tack Thomas complains that the district court erred in denying his motion to withdraw his plea and his motion to reconsider. We cannot agree. Fed.R.Crim.P. 32(d) allows the trial court to permit withdrawal of a guilty plea before sentencing "upon a showing by the defendant of any fair and just reason." Trial courts in this circuit are to consider the seven factors enumerated in *United States v.*

---

**1.** *United States v. Johnson,* 1 F.3d 296 (5th Cir. 1993) (*en banc*).

**2.** *Id.,* 1 F.3d at 302 (internal quotation and citation omitted).

**3.** 18 U.S.C. § 287 carries a maximum sentence of five years and 19 U.S.C. § 1304 carries one year.

*Carr*[4] in deciding whether the defendant has carried his burden of justifying withdrawal. We find no abuse of the district court's broad discretion in its application of the *Carr* factors.

We agree with the district court that Thomas's protestations of innocence are pretextual. He admitted factual guilt at his Rule 11 allocution so that the court would accept his plea but he told his probation officer that he was innocent, presumably in hopes of obtaining a favorable sentencing recommendation. At sentencing he again admitted guilt so that he could obtain a credit for acceptance of responsibility but now on appeal he asserts his innocence so as to satisfy one of the *Carr* factors. Guilt or innocence appears merely to be an issue of expedience for Thomas.

With regard to other factors, the six-week delay between entry of the plea and the *motion to withdraw is significant.* Thomas's explanation that his plea resulted from bad advice and pressure from his attorney would carry more weight had his withdrawal been prompt.[5] Thomas was represented by counsel of his choice at the time of his plea and he assured the court that he was satisfied with the quality of that representation. As noted above, we have found that his plea was knowing and voluntary. These factors persuade us that the district court did not abuse its discretion in refusing to allow withdrawal of the plea. We need not inquire further.

█ Finally, Thomas challenges the $10,-000 fine, contending that the district court failed to consider and make findings with respect to his ability to pay. The court, however, incorporated the PSR into the record. The PSR expressly evaluated Thomas's financial condition and recommended assessment of approximately $10,000 in restitution. Thomas did not object to the PSR's figures, except to argue successfully for a reduction to his net worth to reflect increased legal fees and to protest unsuccessfully the inclusion of his wife's income in the calculus. He offered no evidence in support of his assertion of inability to pay. The court ordered a fine, the outstanding balance to be paid after release from jail, but no restitution. Because its assessment was consistent with the PSR's recommendation and fell within the applicable Sentencing Guideline range, express findings were not necessary.[6] Thomas did not carry his burden of proving inability to pay the fine on the terms established by the court.[7] Considering Thomas's college education and proven earning capacity, the district court's implicit finding of ability to pay was not clearly erroneous.[8]

AFFIRMED.

---

**4.** 740 F.2d 339 (5th Cir.1984), *cert. denied*, 471 U.S. 1004, 105 S.Ct. 1865, 85 L.Ed.2d 159 (1985). The factors are: (1) whether or not the defendant has asserted his innocence; (2) whether or not the government would suffer prejudice if the withdrawal motion were granted; (3) whether or not the defendant has delayed in filing his withdrawal motion; (4) whether or not the withdrawal would substantially inconvenience the court; (5) whether or not close assistance of counsel was available; (6) whether or not the original plea was knowing and voluntary; and (7) whether or not the withdrawal would waste judicial resources.

**5.** *See id.,* 740 F.2d at 344 ("[T]he longer a defendant delays in filing a withdrawal motion, the more substantial reasons he must proffer in support of his motion. . . . Conversely, a prompt withdrawal may indicate that a plea was unknowingly entered in haste.").

**6.** *United States v. Fair,* 979 F.2d 1037 (5th Cir. 1992).

**7.** U.S.S.G. § 5E1.2(a); *Fair.*

**8.** *See United States v. Favorito,* 5 F.3d 1338 (9th Cir.1993) (the district court's determination of ability to pay a fine is reviewed for clear error).