IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————————

No. 96-20245

Summary Calendar

———————————————

UNITED STATES OF AMERICA,

Appellee,

versus

RITA SUHAYLA CASTRO, also known as
Suhayla Castro, also known as Rita Lugo,

Defendant-Appellant.

– – – – – – – – – – – – –
CONSOLIDATED WITH
No. 96-20246
– – – – – – – – – – – – –

UNITED STATES OF AMERICA,

Appellee,

versus

RODRIGO CLEVES, also known as El
Condor, also known as El Pajaro,

Defendant-Appellant.

———————————————

Appeal from the United States District Court
For the Southern District of Texas
USDC No. CR H-94-60-6
USDC No. CR H-94-60-1

———————————————

February 6, 1997

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Rita Suhayla Castro appeals her guilty-plea convictions for one count of conspiracy to possess with intent to distribute cocaine and three counts of possession with intent to distribute cocaine. Rodrigo Cleves appeals his guilty-plea convictions for conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine. Appellants raised virtually the same issues on appeal; therefore, the cases have been consolidated on the government's unopposed motion. FED. R. APP. P. 3(b).

Castro and Cleves argue that the district court violated their substantial rights by not complying with Fed. R. Crim. P. 11(d), which requires the court to inquire whether the plea results from prior discussions with the United States attorney. Neither Cleves nor Castro identifies any substantial right that was violated by any variance in the district court's procedure. See U.S. v. Johnson, 1 F.3d 296, 298 (5th Cir. 1993) (en banc). Any error was harmless and not reversible. Id.; U.S. v. Thomas, 13 F.3d 151 (5th Cir. 1994).

Castro and Cleves argue that there are unresolved factual questions behind their respective roles in the offenses. There is

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

substantial evidence in the PSRs to support the district court's determination that Castro was a manager and Cleves was a leader in the drug organization. A PSR bears sufficient indicia of reliability to be considered as evidence in making factual determinations under the Sentencing Guidelines. U.S. v. Montoya-Ortiz, 7 F.3d 1171, 1180 (5th Cir. 1993). The district court's findings were not clearly erroneous. See U.S. v. Avlarado, 898 F.2d 987, 993 (5th Cir. 1990).

Cleves and Castro argue that the Government breached the plea agreement by failing to file a motion to impose a sentence below the mandatory minimum. Neither party objected in the district court. Furthermore, at the time of sentencing, a unitary motion under § 5K1.1 was sufficient to implement a departure from the guidelines and the statutory minimum sentence. See U.S. v. Underwood, 61 F.3d 306, 311-12 (5th Cir. 1995). The extent of any departure was within the discretion of the district court. Id. We find no substantial rights violated by the Government's unitary motion. U.S. v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc), cert. denied, 115 S.Ct. 1266 (1995).

The government's motion to consolidate these appeals is GRANTED. The judgment of the district court in both cases is AFFIRMED.