**CORRECTED**

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-40561
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

DONIEL SLAUGHTER,

Defendant-Appellant.

Appeal from the United States District Court
For the Eastern District of Texas
(6:95-CR-36-31)

March 17, 1998

Before WISDOM, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

A federal grand jury returned a sixty-seven count indictment against Doniel Slaughter and forty-five codefendants, charging them with numerous narcotics-related offenses. After accepting a plea of guilty from defendant-appellant Slaughter, the district court

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentenced him to a 240-month term of imprisonment. On direct appeal, Slaughter alleges three assignments of error: (1) he received ineffective assistance of counsel; (2) the district court abused its discretion by denying his successive motions to withdraw his guilty plea; and (3) the district court clearly erred in calculating his sentence. None of these contentions has merit. We affirm.

Whether counsel rendered constitutionally-adequate assistance is a mixed question of law and fact that we review de novo.[2] To prevail on an ineffective assistance claim, Slaughter must prove that counsel's performance was both deficient and prejudicial to him.[3] A thorough examination of the record shows that counsel rendered adequate assistance to Slaughter during every phase of the prosecution. Furthermore, even assuming that counsel's performance was deficient, Slaughter has failed to make the requisite showing that he has suffered prejudice.

Likewise, Slaughter has failed to demonstrate that the district court abused its discretion in denying his successive motions to withdraw his guilty plea.[4] The record shows that Slaughter's plea was knowing and voluntary, and that adequate

[2] *United States v. Faubion*, 19 F.3d 226, 228 (5th Cir. 1994).

[3] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[4] We review the denial of a defendant's motion to withdraw his guilty plea for abuse of discretion. *United States v. Bounds*, 943 F.2d 541, 543 (5th Cir. 1991).

assistance of counsel was available to him at the time he entered his plea.[5]

Finally, we find no merit to Slaughter's contention that the district court's determination of his offense level was clearly erroneous because it was based on information that lacked sufficient indicia of reliability.  The presentence report upon which the district court relied at sentencing had a sound evidentiary basis.  The district court properly adopted its findings.[6]

AFFIRMED.

---

[5] Among the seven factors that we consider in evaluating the district court's denial of a motion to withdraw a guilty plea are (1) whether the plea was knowing and voluntary, and (2) whether the defendant received adequate assistance from counsel at the time he or she entered the plea. *United States v. Thomas*, 13 F.3d 151, 152-53 & n. 4 (5th Cir. 1994).

[6] See *United States v. Vital*, 68 F.3d 114, 120 (5th Cir. 1995).