IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 97-20265
No. 97-20269
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LARRY HOUSMAN, SR.,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-96-CR-82-1
- - - - - - - - - -
April 15, 1998

Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Larry Housman, Sr., appeals his guilty-plea conviction for five counts of trafficking in counterfeit services, conspiracy to violate the laws of the United States, possession of 15 or more unauthorized access devices, and possession of device-making equipment. He argues that the district court abused its discretion in denying his motion to withdraw his guilty plea. He contends that his guilty plea was unknowing and involuntary

———————————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because the Government breached its promise that his sentence would be based on a $40,000 total loss. The record of the rearraignment indicates that there was no plea agreement and that the Government did not promise that Housman's sentence would be based on a $40,000 loss. At the rearraignment, Housman stated that no promises of leniency were made and that he understood his sentence would be based U.S. Sentencing Guidelines and on the facts presented in the Presentence Report. Housman's statements in open court carry a strong presumption of truth. See Blackledge v. Allison, 431 U.S. 63, 74 (1977). The district court did not abuse its discretion in denying Housman's motion to withdraw his guilty plea. See United States v. Thomas, 13 F.3d 151, 152-53 (5th Cir. 1994).

AFFIRMED.