IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-51080
(Summary Calendar)
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

FELIPE MARIA ARELLANO,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
(SA-97-CR-264-ALL-EP)
--------------------
November 28, 2000

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

     Pursuant to a plea agreement, Defendant-Appellant Felipe Maria Arellano pleaded guilty to one count of money laundering, a violation of 18 U.S.C. § 1956(a)(3)(B). Arellano stipulated in his plea agreement that he met with undercover agents and agreed to launder over $250,000 by passing it through his liquor-business accounts. Arellano waived the right to appeal his sentence "on any ground" except an upward departure from the guidelines. He asserted that he understood and agreed to every provision of the plea agreement. At his rearraignment, Arellano adopted the plea

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

agreement under oath and affirmed that his plea was "totally voluntary, yes, sir". He stated that he was not coerced to plead guilty and that he was in fact guilty of the crime in accordance with the facts recited in the plea agreement.

At his sentencing hearing five months after the plea, Arellano orally moved to withdraw his plea. In a subsequent written motion, Arellano alleged that his plea was involuntary because it was based on misrepresentations of prior counsel. The district court conducted a hearing after which it denied Arellano's motion, concluding that Arellano's legal representation was effective and his plea knowing and voluntary. The court sentenced Arellano to 57 months' imprisonment, based on an offense level that was increased because of the amount of money involved and Arellano's knowledge that the money was derived from drug-trafficking. See U.S.S.G. §§ 2S1.1(b)(1) and 2S1.1(b)(2)(C) (1997).

Arellano now appears pro se. When his pleadings are construed liberally in accordance with Haines v. Kerner, 404 U.S. 519, 520 (1972), Arellano raises two claims. First, he contends that his guilty plea was involuntary. He does this in the context of arguing that the district court abused its discretion in denying his motion to withdraw his guilty plea. Underlying this issue is his claim that his first attorney rendered ineffective assistance by misleading him about the maximum sentence to which he was exposed and the potential prosecution of his wife and his brother if he did not plead guilty. Second, he contends that his sentence

2

was improperly increased on the basis of the amount of money laundered and his knowledge of the source of the money.

Arellano also argues insufficient-evidence and entrapment, but these issues are irrelevant if Arellano's guilty plea was valid. A knowing and voluntary guilty plea waives nonjurisdictional defects such as a claim of insufficient evidence. See United States v. Taylor, 814 F.2d 172, 174 ( 5th Cir. 1987).

As Arellano contends that his plea was the result of ineffective assistance of counsel, appeal of his guilty plea is not waived by the plea agreement. See United States v. Henderson, 72 F.3d 463, 465 (5th Cir. 1995). In addition, we may address Arellano's ineffective-assistance claim on direct appeal because the plea-withdrawal hearing dealt with this issue and therefore provides a sufficient record for evaluation. United States v. Navejar, 963 F.2d 732, 735 (5th Cir. 1992).

To show ineffective assistance of counsel, Arellano must prove that his counsel's performance was deficient and that, but for the deficiency, "he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Strickland v. Washington, 466 U.S. 668, 687 (1984). A court need not address both components of an ineffective-assistance claim if the movant fails to prevail on either one. Strickland, 466 U.S. at 697. We review the ultimate determination of ineffective assistance de novo, but the district court's credibility determinations and subsidiary factual findings in the

hearing on the issue are reviewed for "clear error". <u>Bryant v. Scott</u>, 28 F.3d 1411, 1414 n.3 (5th Cir. 1994).

Arellano argues that counsel misled him into believing that he risked 30 years' imprisonment if he were convicted. The actual statutory maximum penalty was 20 years. <u>See</u> 18 U.S.C. § 1956(a)(3)(B). Arellano fails to assert that he would have chosen to go to trial if he had known the maximum sentence was 20 years rather than 30. In addition, Arellano makes only a conclusional statement that counsel told him that his brother and his wife risked being indicted if he did not plead guilty. Arellano has failed to allege that counsel's statements were false, and he offers no legal argument or authority relevant to this issue; thus it is waived. <u>See</u> <u>American States Ins. Co. v. Bailey</u>, 133 F.3d 363, 372 (5th Cir. 1998) (issue not argued is waived). Arellano fails to show that counsel's representation caused him to forego a trial, so he cannot satisfy the prejudice prong of <u>Hill</u>. Arellano has not established ineffective assistance of counsel.

Arellano shows no other "fair and just reason" for allowing withdrawal of his plea. Fed. R. Crim. P. 32(d); <u>United States v. Thomas</u>, 13 F.3d 151, 153 (5th Cir. 1994). Arellano had the burden of justifying withdrawal, and the district court's refusal to allow withdrawal is reviewed for abuse of discretion. <u>Id.</u> at 153. The record shows that Arellano's plea was voluntary and that he was adequately represented by counsel. He delayed five months before moving to withdraw the plea and offered no valid justification for the delay. Rather, he has admitted that he obtained new counsel

4

for the express purpose of bargaining for a shorter sentence, planning to withdraw his plea if such bargaining were to prove unsuccessful. Allowing withdrawal of the plea would have prejudiced the government, burdened the court, and wasted judicial resources. See id. at 153; see also United States v. Carr 740 F.2d 339, 344-46 (5th Cir. 1984).

Arellano argues that his offense level was improperly increased because he did not know he was laundering proceeds from drug-trafficking and because he did not launder more than $250,000. Because his guilty plea and plea agreement were voluntary and valid, however, he has waived the right to appeal his sentence. See Taylor, 814 F.2d at 174.

Arellano's conviction and sentence are AFFIRMED.