IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

No. 95-50089
Conference Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus


JAIME MUNOZ,

                                        Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-94-CR-98-2
- - - - - - - - - -


* * * * * * * * * * * * * * * * * * * * *


_____

No. 95-50090
Conference Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus


ARTURO CHAVEZ-AVILA,

                                        Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-94-CR-98-3
- - - - - - - - - -
August 22, 1995

Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

In examining whether the guilty pleas entered by appellants Jaime Munoz, No. 95-50089, and Arturo Chavez-Avila, No. 95-50090, were voluntarily made in conformity with Fed. R. Crim. P. 11, this court utilizes a two-question, harmless-error analysis: "(1) Did the sentencing court in fact vary from the procedures required by Rule 11, and (2) if so, did such variance affect substantial rights of the defendant?" United States v. Johnson, 1 F.3d 296, 298 (5th Cir. 1993) (en banc).

Appellants entered their guilty pleas with the understanding that they faced a minimum ten-year term of imprisonment and three years of supervised release and that the maximum term was life imprisonment under 18 U.S.C. § 841(b)(1(A). The court's understatement of the supervised release term by two years was a relatively small fraction of the maximum term of imprisonment (life) that they each faced, and it did not materially differ from the length of imprisonment actually imposed. The appellants showed no surprise and raised no objection to the term of supervised release in the presentence report. See United States v. Bachynsky, 934 F.2d 1349, 1360 (5th Cir.), cert. denied, 502 U.S. 951 (1991). Moreover, neither appellant asserts that the mistaken statement of the length of supervised release term

---

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

affected their decision to plead guilty.  See <u>United States v. Thomas</u>, 13 F.3d 151, 152 (5th Cir. 1994).

Appellants also challenge the fine imposed by the district court.  The record of appellants' Rule 11 hearing establishes that appellants knowingly and voluntarily waived their statutory right to appeal their respective sentences.  <u>United States v. Melancon</u>, 972 F.2d 566, 568 (5th Cir. 1992).  We will hold appellants to the bargain to which they agreed.  <u>See</u> <u>United States v. Portillo</u>, 18 F.3d 290, 292-93 (5th Cir.), <u>cert. denied</u>, 115 S. Ct. 244 (1994).

Accordingly, the conviction and sentence of appellants Munoz and Chavez-Avila are AFFIRMED.