**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 26, 2011

Lyle W. Cayce
Clerk

No. 10-11143
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GOMESINDO MENDEZ,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CR-318-2

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Gomesindo Mendez was indicted on one count of conspiracy to possess methamphetamine with intent to distribute. Represented by Hilda Hahn, retained after his first attorneys withdrew, Mendez signed a plea agreement and factual basis, which he withdrew before rearraignment. On the morning set for trial, he pleaded guilty. Four months later, represented by new counsel, Mendez moved to withdraw his plea. The court denied the motion and sentenced Mendez to 262 months in prison. Mendez now appeals the district court's denial of his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion to withdraw his guilty plea and the court's imposition of a sentencing enhancement based on a firearm.

In determining whether the defendant has established a fair and just reason for withdrawing a guilty plea, this circuit considers seven factors. *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984). We review the district court's denial for an abuse of discretion. *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003). We also bear in mind that "[s]olemn declarations in open court carry a strong presumption of verity." *United States v. McKnight*, 570 F.3d 641, 649 (5th Cir. 2009) (internal quotation marks and citation omitted). A defendant ordinarily may not refute testimony given under oath at a plea hearing. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

The district court assumed that Mendez would assert his innocence and would have argued that he pleaded guilty because Hahn threatened to abandon his defense. *See Carr*, 740 F.2d at 343-44. However, a mere assertion of innocence is not sufficient. *United States v. Clark*, 931 F.2d 292, 294-95 (5th Cir. 1991). Mendez swore under oath that the factual resume–which included statements of two co-conspirators identifying him as the supplier of methamphetamine as well as corroborating surveillance and other evidence–was correct. He also swore that he was pleading guilty because he was guilty and that he committed the elements of the offense. We have concluded that defendants did not assert innocence on similar facts. *See id.*; *see also United States v. Still*, 102 F.3d 118, 125 (5th Cir. 1996) (holding that statements that the defendant did not believe a gun charge applied to him based on the facts of the case did not assert innocence, and noting that the defendant admitted possession of the gun as part of the factual basis). Mendez's arguments that he did not understand the sentencing consequences and that he disputed knowledge of the firearm are irrelevant to whether he claimed innocence of the drug offense.

Whether withdrawal would prejudice the Government, the second factor, presents a closer question, but in any case, mere lack of prejudice does not warrant allowing withdrawal. *Carr*, 740 F.2d at 345. The district court also concluded that withdrawal would cause substantial inconvenience to the court and waste judicial resources, the fourth and seventh factors. *See id.* at 344. Before Mendez pleaded guilty, the court ruled on pretrial motions, held a pretrial conference, prepared for trial, and assembled a jury pool. After the plea, the court prepared for sentencing. These facts support the district court's conclusion. *See United States v. Grant*, 117 F.3d 788, 789-90 (5th Cir. 1997).

The district court also found against Mendez regarding the third factor, whether the defendant delayed in filing the motion. *Carr,* 740 F.2d at 344. Mendez did not seek to withdraw until the day of sentencing, four months after he pleaded guilty, more than two months after the presentence report was prepared, and more than two months after Mendez filed affidavits complaining about Hahn's purported coercive tactics. The purpose of permitting withdrawal is to allow a defendant to undo an unknowing plea; it is not to let a defendant make a tactical decision to plead guilty, wait a few weeks, and then withdraw if he believes he made a bad choice. *Carr*, 740 F.2d at 345. Mendez's complaints "would carry more weight had his withdrawal been prompt." *United States v. Thomas*, 13 F.3d 151, 153 (5th Cir. 1994).

Under the fifth factor, we consider whether Mendez had close assistance of counsel, which is distinct from effective assistance. *See McKnight,* 570 F.3d at 647-48. Hahn twice negotiated a plea agreement for Mendez and moved to withdraw one of those pleas. Mendez stated in the plea agreement that he was satisfied with Hahn's representation, and he affirmed at rearraignment that she had reviewed the plea agreement, factual resume, and sentencing consequences of his plea with him. His claim that counsel misadvised him regarding the Sentencing Guidelines is insufficient to show that he did not receive close assistance. *See id.*

No. 10-11143

With respect to the sixth factor, whether the plea was knowing and voluntary, *see Carr*, 740 F.2d at 344, Mendez claims his plea resulted from miscommunication and misdirection by Hahn, arguing that he was unaware of the effect of the Sentencing Guidelines or that his sentence might run consecutively to a state sentence. As Mendez knew of the maximum prison term he faced, he knew of the sentencing consequences of his plea. *See United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990); *see also United States v. Hernandez*, 234 F.3d 252, 255 and n.3 (5th Cir. 2000) (holding that the possibility of a consecutive sentence is not a direct consequence of which the defendant must be advised). With respect to voluntariness, Mendez repeatedly averred under oath in open court that he was pleading voluntarily and not as the result of force or threats, and that he was doing so because he was guilty. These statements carry "a strong presumption of veracity." *Clark*, 931 F.2d at 295 (internal quotation marks and citation omitted). He does not argue to the contrary. In sum, the district court did not abuse its discretion by denying Mendez's motion to withdraw.

Mendez next challenges the application of the firearms enhancement, arguing that he neither possessed nor knew about the firearm in question. The Government correctly contends that Mendez validly waived his right to appeal his sentence, and the firearms enhancement does not fall within the waiver's exceptions. *See United States v. Bond,* 414 F.3d 542, 544 and n.3 (5th Cir. 2005). Mendez did not address the waiver in his brief or file a reply brief and thus has abandoned any challenge to the waiver. *See United States v. Green*, 964 F.2d 365, 371 (5th Cir. 1992). We caution counsel that pursuing an appeal contrary to a valid waiver and failing to address the waiver in a reply brief after it was raised in the Government's brief is a needless waste of judicial resources and will invite sanctions. *See United States v. Gaitan*, 171 F.3d 222, 223-24 (5th Cir. 1999).

AFFIRMED; SANCTION WARNING ISSUED.

4