# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-40163
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 16, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHN DAVID GEBARA, also known as Blast, also known as Big Blast,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:11-CR-247-7

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

John David Gebara pleaded guilty pursuant to a written plea agreement to conspiracy to distribute more than five kilograms of cocaine and was sentenced to the statutory minimum 120-month term of imprisonment and a five-year term of supervised release. After pleading guilty but before being sentenced, Gebara moved to withdraw his guilty plea on the ground that his decision to plead guilty was based on a promise that he would receive a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40163

reduction in his sentence pursuant to U.S.S.G. § 5K1.1 if he agreed to testify against the only remaining codefendant. The district court denied the motion after examining the factors set forth by this court in *United States v. Carr*, 740 F.2d 339 (5th Cir. 1984).[1] Gebara timely appealed.[2]

The determination of whether to allow a plea to be withdrawn is based upon the totality of the circumstances, taking into account the *Carr* factors. *See United States v. McKnight*, 570 F.3d 641, 646 (5th Cir. 2009); *see also United States v. Badger*, 925 F.2d 101, 104 (5th Cir. 1991) ("No single [*Carr*] factor or combination of factors mandates a particular result."). We review for abuse of discretion. *McKnight*, 570 F.3d at 645.

In his motion, Gebara asserted that he was moving to withdraw his plea "because of his detrimental reliance upon the government's representations that it would allow [him] to testify in exchange for the possibility of a [§] 5K1.1 downward departure." On appeal, however, he argues that he relied on his counsel's promise that he would receive a § 5K1.1 reduction.

Although defense counsel stated during the hearing on Gebara's motion to withdraw his guilty plea that he advised Gebara that he could get a sentence under the statutory minimum if he agreed to testify, defense counsel acknowledged that the Government did not explicitly promise that it would move for a § 5K1.1 reduction. Rather, it was counsel's understanding based on

---

[1] These factors are (1) whether the defendant asserted his innocence; (2) prejudice to the government; (3) delay in filing the motion to withdraw; (4) whether withdrawal would substantially inconvenience the court; (5) the availability of close assistance of counsel; (6) voluntariness of the original plea; and (7) whether withdrawal would waste judicial resources. *Carr,* 740 F.2d at 343-44.

[2] Gebara does not address the Government's assertion that the plea agreement bars his appeal. However, a waiver of appeal is not valid unless both the defendant's guilty plea and the waiver of appeal were knowingly and voluntarily entered. *United States v. Robinson*, 187 F.3d 516, 517 (5th Cir. 1999). Given that Gebara challenges the validity of his guilty plea, which the Government has addressed on the merits, the waiver does not bar this appeal. *See id*.

No. 14-40163

the Government's responses and counsel's years of experience that Gebara would receive a § 5K1.1 reduction if he agreed to testify.  Moreover, the plea agreement expressly addressed the issue of substantial assistance and unequivocally provided that the recommendation of any departure pursuant to § 5K1.1 was in the government's "sole discretion" and that Gebara's cooperation did "not automatically require the government to request a downward departure or a reduction in sentence."  The district court did not err in its consideration of the voluntariness factor.

Gebara also has failed to show the district court abused its broad discretion based on the remaining *Carr* factors.  Gebara did not move to withdraw his guilty plea until almost six months after the change of plea hearing and more than two months after defense counsel received confirmation from the Government that it would not present Gebara to the substantial assistance committee.  This court has found that shorter delays weighed against the granting of a motion to withdraw.  *See Carr*, 740 F. 2d at 344 (holding that a 22-day delay weighed against granting the motion); *see also United States v. Thomas*, 13 F.3d 151, 153 (5th Cir. 1994) (noting that the defendant's assertion that his guilty plea was based on bad advice from his attorney would have carried more weight if the defendant had not waited six weeks before moving to withdraw his plea).

Further, the record reflects, and Gebara acknowledges, that defense counsel engaged in lengthy negotiations with the Government in an effort to reach an agreement whereby Gebara would not be subject to the 10-year statutory minimum.  That counsel's advice that Gebara would be considered for a § 5K1.1 reduction if Gebara agreed to testify was ultimately incorrect in this case does not mean that Gebara did not receive close counsel.  *See McKnight*, 570 F.3d at 646.

3

No. 14-40163

Gebara also does not refute the district court's determination that withdrawal would substantially inconvenience the court and waste judicial resources. The district court based its determination on the fact that the one codefendant who opted to proceed to trial on the conspiracy charge was tried by a jury approximately nine months earlier and that the trial had lasted four days. Because the district court is in the best position to know of the effect of a withdrawal on its resources, its determination regarding those factors is entitled to deference. *See Carr*, 740 F.2d at 345.

The district court did not abuse its broad discretion in denying his motion under the totality of the circumstances. *See McKnight*, 570 F.3d at 646. Accordingly, the judgment is AFFIRMED.