# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-10654
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 4, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NOEL GUEST,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-301-1

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Noel Guest appeals his guilty-plea conviction and 240-month sentence for transporting and shipping child pornography. He maintains that the district court abused its discretion in denying his motion to withdraw the guilty plea. He contends that the relevant factors supported granting his motion, arguing that he desired to reenter his guilty plea without a plea agreement so as to retain his appellate rights.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10654

We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion, considering the factors articulated in *United States v. Carr*, 740 F.2d 339, 344 (5th Cir. 1984). *United States v. McKnight*, 570 F.3d 641, 645 (5th Cir. 2009). The defendant has the burden of establishing a fair and just reason for such withdrawal. *United States v. Badger*, 925 F.2d 101, 104 (5th Cir. 1991). In considering the motion, we consider the totality of the circumstances, including seven factors that we address in turn. *See Carr*, 740 F.2d at 343-44.

Guest acknowledges he never asserted that he is innocent of the offense. *See id.* at 343-44. The factor of timeliness weighs against Guest because he did not file a motion to withdraw the plea until more than one year after the district court's acceptance of his guilty plea. *See id.* at 344. Even if the court had considered the date on which Guest obtained new counsel in May, that happened nearly six months after his guilty plea was accepted. *See United States v. Thomas*, 13 F.3d 151, 153 (5th Cir. 1994).

Guest also had close assistance of counsel. *See McKnight*, 570 F.3d at 646-48 (finding close assistance even though it was unclear whether counsel had given all relevant information to the defendant). Neither does the record support Guest's assertion that he was unaware he could plead guilty yet retain his right to appeal. During his rearraignment proceeding, Guest affirmed that counsel had advised him of his right to appeal and stated that he was waiving that right knowingly and voluntarily as part of the plea agreement.

Guest's guilty plea was knowing and voluntary. *See Carr*, 740 F.2d at 344. The magistrate judge conducted an extensive plea colloquy during which Guest expressed his desire to plead guilty, answered questions from the court in a manner indicating that he understood the nature of the proceedings, and affirmed that he was entering his guilty plea and plea agreement and

No. 18-10654

supplement knowingly, freely, and voluntarily. The "strong presumption of veracity" attaches to these declarations. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

The district court determined that withdrawal would prejudice the Government, would inconvenience the court, and would waste judicial resources. Even if Guest could show the lack of prejudice and inconvenience, these factors are not dispositive. *See Carr*, 740 F.2d at 345.

We conclude that Guest has failed to show that the district court abused its discretion in determining that the factors weighed against granting his motion to withdraw his guilty plea. *See McKnight*, 570 F.3d at 645.

The judgment of the district court is AFFIRMED.