**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**FILED**
March 4, 2020

No. 19-40228
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE LUIS FLORES-FLORES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:18-CR-452-1

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Jose Luis Flores-Flores appeals his conviction and sentence for illegal reentry, arguing that the district court abused its discretion by denying his motion to withdraw his guilty plea. We review for abuse of discretion. *United States v. McKnight*, 570 F.3d 641, 645 (5th Cir. 2009). In evaluating the denial of a motion to withdraw a guilty plea, we consider the totality of circumstances,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40228

including the seven factors enumerated in *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984).

The record supports the district court's denial of Flores-Flores's motion based on its consideration of the *Carr* factors. In particular, Flores-Flores waited more than 105 days after the entry of his guilty plea to file his motion to withdraw, a fact that weighs against him. *See United States v. Thomas*, 13 F.3d 151, 153 (5th Cir. 1994). Flores-Flores also admitted in the district court that he received close assistance of counsel and that his guilty plea was knowing and voluntary. Finally, the district court was in the best position to determine the effects of a delay on the court's time and resources. *See Carr*, 740 F.2d at 345-46.

Accordingly, Flores-Flores has failed to demonstrate that the district court abused its discretion by denying his motion to withdraw his guilty plea.

The judgment of the district court is AFFIRMED.