# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 8, 2020

Lyle W. Cayce
Clerk

No. 19-11006

United States of America,

*Plaintiff—Appellee*,

*versus*

Faizal Sabar, *also known as* Brian Pimentel,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-19-2

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:*

Faizal Sabar appeals his conviction and sentence for conspiracy to commit sex trafficking, asserting that the district court erred in denying his motion to withdraw his guilty plea. We disagree and affirm.

We review the denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. McKnight*, 570 F.3d 641, 645 (5th Cir. 2009).

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-11006

And we consider the totality of circumstances, including the seven factors enumerated in *United States v. Carr*, 740 F.2d 339, 343–44 (5th Cir. 1984).

The record supports the district court's denial of Sabar's motion based on its consideration of the *Carr* factors. In particular, Sabar waited nearly three months after his guilty plea was entered to file his motion to withdraw, a fact that weighs against him. *See United States v. Thomas*, 13 F.3d 151, 153 (5th Cir. 1994). Sabar also received close assistance of counsel, and his guilty plea was knowing and voluntary. *See McKnight*, 570 F.3d at 646–48; *Carr*, 740 F.2d at 345. Finally, the district court was in the "best position to know the effect that the withdrawal [would have] on its resources." *Carr*, 740 F.2d at 345. Accordingly, Sabar has failed to demonstrate that the district court abused its discretion in denying his motion to withdraw his guilty plea.

Sabar also asserts that the district court should have conducted an evidentiary hearing on his motion. This, too, is something we review for abuse of discretion. *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003). Although a defendant is not entitled to a hearing, "a hearing is required when the defendant alleges sufficient facts which, if proven, would justify relief." *Id.* (internal quotation marks and citation omitted). Sabar does not show that his assertions, if true, would overcome the strong presumption in favor of the affirmations he made in the plea proceedings. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Thus, the district court did not abuse its discretion by not conducting an evidentiary hearing. *See Powell*, 354 F.3d at 370.

The judgment of the district court is AFFIRMED.