# United States Court of Appeals for the Fifth Circuit

No. 24-60584
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
October 2, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Antonio Deron Wallace,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:21-CR-47-1

Before Barksdale, Graves, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Antonio Deron Wallace challenges his guilty-plea conviction for enticement of a minor under 18 U.S.C. § 2422(b). He asserts he was coerced into the plea by his counsel and, concomitantly, the district court abused its discretion by denying his motion to withdraw his plea.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60584

The denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion. *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003). After a plea has been accepted, the district court may grant a motion to withdraw upon a showing of "a fair and just reason for requesting the withdrawal". Fed. R. Crim. P. 11(d)(2)(B). The burden of establishing a fair and just reason rests with defendant. *Powell*, 354 F.3d at 370.

Courts consider the following factors in determining whether to permit the withdrawal: whether defendant has asserted his innocence; whether the Government would suffer prejudice if the withdrawal motion were granted; whether defendant has delayed in filing his motion; whether the withdrawal would substantially inconvenience the court; whether close assistance of counsel was available; whether the original plea was knowing and voluntary; and whether the withdrawal would waste judicial resources. *United States v. Carr*, 740 F.2d 339, 343–44 (5th Cir. 1984). This inquiry is a totality-of-the-circumstances analysis. *Id.* at 344. For the following reasons, there was no abuse of discretion in denying the motion to withdraw.

Wallace contends each *Carr* factor weighs in his favor. First, he asserts he maintained his innocence in his *pro se* letters to the court, submitted approximately three months after the court accepted his plea. Our court has held, however, that a district court may reasonably assign little weight to a defendant's post-guilty-plea pledge of innocence "because the solemn declarations in open court that accompany a guilty plea carry a strong presumption of verity". *United States v. Landreneau*, 967 F.3d 443, 450 (5th Cir. 2020) (citation omitted). Accordingly, the court did not err in affording little significance to the post-plea statements.

Next, Wallace asserts the Government would not suffer prejudice by his motion's being granted. The court concluded the factor was neutral because granting his motion would require the Government to prepare for

2

trial a third time. Because the record reflects that basis, his contention is without merit.

His assertion regarding the timing of his motion to withdraw likewise fails. Wallace filed his motion approximately three months after he pleaded guilty. Our court has held considerably shorter delays weigh against permitting withdrawal. *E.g.*, *United States v. Thomas*, 13 F.3d 151, 153 (5th Cir. 1994) (six-week delay).

He also asserts the court would not be substantially inconvenienced by his withdrawal. Although the court declined to conclude whether it would be *substantially* inconvenienced, it noted such delays impact the administration of its calendar. Accordingly, the court did not err in concluding the factor neutral under *Carr*.

Wallace's contention that the close-assistance-of-counsel factor weighs in his favor is also unavailing. He asserts the factor furthers his position because his counsel was ineffective. The court properly concluded his contention lacked merit under *Carr*. *See United States v. McKnight*, 570 F.3d 641, 646 (5th Cir. 2009) (holding close assistance of counsel and ineffective assistance of counsel distinct issues).

Moreover, Wallace's assertion that his plea was involuntary and unknowing is without merit. The record reflects he understood the consequences of his plea. *See Landreneau*, 967 F.3d at 450.

Finally, the court concluded the waste-of-judicial-resources factor weighed neutral because the Government was ready for sentencing when Wallace made his motion to withdraw. The record does not establish an abuse of discretion in that regard.

AFFIRMED.