**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Timothy RINARD, Defendant–Appellant.**

**No. 91–8208.**

United States Court of Appeals, Fifth Circuit.

March 5, 1992.

Mary Stillinger, El Paso, Tex. (Court-appointed), *for defendant-appellant.*

Joseph H. Gay, Jr., Richard L. Durbin, Jr., LeRoy Morgan Jahn, Joseph W. Galenski, Asst. U.S. Attys., Ronald F. Ederer, U.S. Atty., San Antonio, Tex., for U.S.

Before WISDOM, JONES and SMITH, Circuit Judges.

WISDOM, Circuit Judge:

Timothy Rinard, defendant/appellant, pleaded guilty to possessing more than 100 kilograms of marijuana with intent to distribute. On appeal, he contends that: he received ineffective assistance of counsel resulting from a conflict of interest; the district court erred in classifying him for sentencing as a career offender; and the district court abused its discretion in refusing to let him withdraw his guilty plea at sentencing. We find his arguments without merit, and accordingly affirm both his conviction and sentence.

## I. BACKGROUND

Timothy Rinard and his wife, Alma, were charged in an eight count superseding indictment with various drug offenses.[1] In reaching a plea agreement with the government, Timothy Rinard pleaded guilty to one count of that indictment: possession with intent to distribute more than 100 kilograms of marijuana under 21 U.S.C. § 841(a)(1). Alma Rinard was allowed to plead guilty to an information charging her with only a violation of using a communication facility in furtherance of a narcotics offense.

Timothy and Alma Rinard were represented by the same attorney. At the time Rinard entered his plea the district court held a hearing, as required by Fed. R.Crim.P. 44(c),[2] into Rinard's awareness of the potential for conflict in his attorney's representation of both himself and his wife. At that hearing Rinard showed his understanding of that potential, and verbally confirmed the written waiver, which he had already signed, of his right to argue on appeal that his counsel was constitutionally ineffective.

At the sentencing hearing, on March 19, 1991, the Rinards' counsel argued their cases in consecutive hearings. Mrs. Rinard's sentence came up first; it appears that Mr. Rinard was not present. In support of his argument that the court reduce Mrs. Rinard's sentence, her counsel stated that Mr. Rinard had forced his loyal and obedient wife to commit drug crimes to cover his own guilt, that he had beaten her, and that Rinard was "a pretty rough character. He's an older, experienced man." Judge Bunton nevertheless refused to depart downward from the recommended sen-

1. Seven others were charged in that indictment; none is a party to this appeal.

2. Subsection (c) of that rule provides:

> Whenever two or more defendants have been jointly charged pursuant to Rule 8(b) or have been joined for trial pursuant to Rule 13, and are represented by the same retained or assigned counsel or by retained or assigned counsel who are associated in the practice of law, the court shall promptly inquire with respect to such joint representation and shall personally advise each defendant of the right to the effective assistance of counsel, including separate representation. Unless it appears that there is good cause to believe no conflict of interest is likely to arise, the court shall take such measure as may be appropriate to protect each defendant's right to counsel.

tence for Mrs. Rinard, who was then six months pregnant. He sentenced her to the minimum recommended sentence, 48 months in prison.

At the sentencing hearing that followed the court denied Rinard's request to withdraw his guilty plea. The court sentenced Mr. Rinard, like his wife, to the minimum recommended sentence, 262 months in prison.

Mr. Rinard appeals. He contends that a conflict of interest rendered his counsel's assistance constitutionally ineffective and requires a reversal of his conviction. He also contends that the district court erred in sentencing him as a career offender under the Sentencing Guidelines, and that the district court abused its discretion in refusing his request to withdraw his guilty plea.

## II. DISCUSSION

A. In general, a claim of ineffective assistance of counsel cannot be determined on direct appeal when it was not raised in the district court; in such a case there has been no opportunity to develop evidence in the record bearing on the merits of the claim.[3] Although there are cases in which the record allows us to evaluate fully and fairly the merits of an ineffective assistance argument,[4] this is not such a case. Because we find ourselves unable to evaluate the full extent of Rinard's argument we deny his argument on direct appeal.[5]

In this case there is almost enough evidence to show that, if there was an actual conflict of interest, it did not adversely affect counsel's representation of Mr. Rinard. Without such a showing Mr. Rinard cannot succeed.[6] In spite of the lawyer's forceful arguments on behalf of Alma Rinard, Judge Bunton refused to depart downwards in sentencing her; similarly, he gave Mr. Rinard the minimum recommended sentence. The sentencing thus shows no apparent effect (neither a benefit to Mrs. Rinard nor an injury to Mr. Rinard) from the alleged conflict. Rinard contends, however, that the *plea agreement* on which the sentence was based (and not just the sentence) may have been adversely affected by the conflict. Because the record before us makes a full evaluation of that contention impossible, Rinard will have to raise it in another proceeding.[7]

B. Rinard complains that the district court erred in characterizing him as a career criminal under § 4B1.1 of the Sentencing Guidelines. Such a characterization may be based on two prior felony convictions for a controlled substance offense.[8] Rinard argues that one of the underlying felonies supporting that characterization, a 1990 Texas conviction for illegal investment, was not a controlled substance offense under § 4B1.2(2). Given the facts before us, we disagree.

Under Texas law a person commits the offense of illegal expenditure or investment if he knowingly or intentionally: (1) expends funds that he knows are derived from the commission of certain enumerated narcotics offenses; or (2) finances or in-

3. *See United States v. Lewis,* 902 F.2d 1176, 1180 (5th Cir.1990).

4. *See, e.g., United States v. Blankenship,* 923 F.2d 1110, 1117 (5th Cir.), *cert. denied,* — U.S. —, 111 S.Ct. 2262, 114 L.Ed.2d 714 (1991).

5. This does not, of course, preclude Rinard from raising the same argument in an appropriate proceeding. *See United States v. Carillo Barrazza,* 853 F.2d 288, 292 (5th Cir.), *cert. denied,* 488 U.S. 973, 109 S.Ct. 510, 102 L.Ed.2d 546 (1988), *cert. denied,* 488 U.S. 1016, 109 S.Ct. 811, 102 L.Ed.2d 801 (1989), *cert. denied,* 489 U.S. 1097, 109 S.Ct. 1571, 103 L.Ed.2d 937 (1989).

6. *See Cuyler v. Sullivan,* 446 U.S. 335, 348, 100 S.Ct. 1708, 1718, 64 L.Ed.2d 333 (1980) ("In order to establish a violation of the Sixth Amendment, a defendant must demonstrate that an actual conflict of interest adversely affected his lawyer's performance.")

7. We *will* note that Rinard took advantage of a plea agreement whereby his wife, who was then potentially liable for the same crimes with which he was charged, would receive a sentence for a lesser offense. He now tries to blame his lawyer (and, tacitly, his wife) for having taken advantage of him. But Rinard involved his wife in his own criminal enterprise. In effect, she was punished for his primary guilt.

8. U.S.S.G. § 4B1.2(2).

vests funds he knows or believes are intended to further the commission of such offenses.[9] This Court has determined that a conviction under subsection (2) of that law (investing funds in a drug deal) constitutes a "controlled substance offense" under § 4B1.1 of the Guidelines.[10] Rinard argues that *Cruz* does not apply here because the presentence report ("PSI") does not specify whether his 1990 conviction came under subsection (1) or (2) of the Texas law. We acknowledge the absence of that statutory reference in the PSI, but we find that the description of the crime for which he was convicted sufficiently identifies it as arising under subsection (2) of the Texas law.

The PSI indicates that Rinard's conviction was for "[i]llegal investment".[11] Subsection (1) of the Texas law does not mention the word "investment"; it addresses only the illegal expenditure of the proceeds of a drug deal. Only subsection (2) addresses investment. Further, the PSI describes the crime in some detail; Rinard was one of three defendants convicted for attempting to buy 300 pounds of marijuana for $105,000. Rinard does not disagree with any facts presented in the PSI. We find that the description of his conviction as one for "illegal investment", together with the description of the crime itself, makes it abundantly clear that Rinard's earlier conviction fell under subsection (2) of the Texas law. It is inconceivable that Rinard was convicted under subsection (1) for spending money gained from a drug deal when he was convicted, in fact, for attempting a drug deal that never took place. We affirm his sentence.

C. The district court denied Rinard's attempt to withdraw his guilty plea before sentencing. A district court is granted broad discretion in deciding whether to allow a defendant to withdraw a guilty plea.[12] This Court has established a number of factors to be applied in making that decision.[13] We find that, given the 69–

9. Tex.Health & Safety Code Ann. § 481.126 (West 1990) provides:

(a) A person commits an offense if the person knowingly or intentionally:

(1) expends funds the person knows are derived from the commission of an offense under Section 481.112(c), 481.113(c), 481.114(c), 481.115(c), 481.116(c), 481.117(c), 481.120(c), or 481.121(c); or

(2) finances or invests funds the person knows or believes are intended to further the commission of an offense listed in Subdivision (1).

10. *United States v. Cruz,* 882 F.2d 922, 924 (5th Cir.1989).

11. Paragraph 64 of the PSI reads:

| | | |
|---|---|---|
| 5–17–90 (age 37) | Illegal investment, felony, 327th District Court, El Paso, Texas | 6–26–90: 10 years probation. |

The defendant was represented by an attorney and pleaded guilty to an information under docket number 58358. Rinard was one of three buyers who attempted to purchase 300 pounds of marijuana for $105,000. The two other buyers were from Albuquerque, NM. A probation violator warrant was issued on February 4, 1991 for probation violations arising from the instant conviction.

12. *United States v. Clark,* 931 F.2d 292, 294 (5th Cir.1991) (citing *United States v. Daniel,* 866 F.2d 749, 752 (5th Cir.1989)).

13. *Clark,* 931 F.2d at 294 (citing *United States v. Carr,* 740 F.2d 339, 343–44 (5th Cir.1984), *cert. denied,* 471 U.S. 1004, 105 S.Ct. 1865, 85 L.Ed.2d 159 (1985)) sets out those factors as follows:

1) whether the defendant has asserted his innocence;
2) whether the government would suggest prejudice;
3) whether the defendant has delayed in filing his motion;
4) whether withdrawal would substantially inconvenience the court;
5) whether close assistance of counsel was present;
6) whether the original plea was knowing and voluntary; and
7) whether the withdrawal would waste judicial resources; and, as applicable, the reason why defenses advanced later were not proffered at the original time of the original pleading, or the reasons why a defendant delayed in making his withdrawal motion.

day delay between Rinard's plea and his verbal motion to withdraw the plea;[14] his failure to assert his innocence in support of the motion; the knowing and voluntary nature of his initial plea; and the prejudice a withdrawal would inflict on the government, the district court did not abuse its discretion in denying Rinard's verbal motion to withdraw his guilty plea.

## III. CONCLUSION

For the reasons stated above, we AFFIRM.

14. This Court has found excessive a 22-day delay between plea and motion to withdraw. *Carr,* 740 F.2d at 345.