IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50180
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ENELL RILEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
(SA-01-CR-204-ALL)
_____

October 9, 2002

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Enell Riley appeals his guilty plea conviction of aggravated assault. He contends the district court erred in denying his motion to withdraw his guilty plea.

Under Rule 32(e) of the Federal Rules of Criminal Procedure, the district court *may* grant a motion to withdraw a guilty plea before a defendant is sentenced *if* the defendant shows "any fair and just reason." FED R. CRIM. P. 32(e). Of course, there is no

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

absolute right to withdraw the plea.  *E.g., **United States v. Grant**,* 117 F.3d 788, 789 (5th Cir. 1997).  The denial of a Rule 32(e) motion is reviewed for abuse of discretion.  ***Id.***

Riley contends: (1) although he admitted to committing the charged offense, he had an insanity defense; (2) any delay in filing the motion to withdraw his plea was due to his attorney's failure to file it; and (3) the attorney who represented him when he entered his guilty plea was ineffective.  (Riley pleaded guilty approximately two and one-half months before filing the motion to withdraw the plea.  In the interim, his first attorney was allowed to withdraw.)  Riley's assertions are not supported by the record.

The district court considered the seven factors set out in ***United States v. Carr***, 740 F.2d 339, 343-44 (5th Cir.), *cert. denied,* 471 U.S. 1004 (1984), and the district court's conclusions with respect to those factors are supported by the record.  The district court did not abuse its discretion in denying the motion to withdraw.  *See **United States v. Grant***, 117 F.3d 788, 789-90 (5th Cir. 1997); ***United States v. Thomas***, 13 F.3d 151, 153 (5th Cir. 1994); ***United States v. Rinard***, 956 F.2d 85, 88-89 (5th Cir. 1992).

***AFFIRMED***

2