IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 7, 2009

Charles R. Fulbruge III
Clerk

No. 07-20852

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DAVID RODRIGUEZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CR-213-2

Before HIGGINBOTHAM, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:[*]

David Rodriguez pled guilty to one count of conspiring to make a false statement in the acquisition of a firearm, sell a firearm to an undocumented alien, and sell firearms without a license, in violation of 18 U.S.C. § 371 (1994). Rodriguez did not sign a written plea agreement. On appeal, Rodriguez argues that the district court abused its discretion by denying his motion to withdraw his guilty plea, and erred in imposing a two-level upward adjustment pursuant to U.S.S.G. § 3C1.1 based on Rodriguez's obstruction of justice. For the following

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reasons, we AFFIRM Rodriguez's conviction. Because the government has conceded error in connection with Rodriguez's sentencing, we vacate his sentence and remand to the district court for resentencing by a different district judge.

## I.    Background

Rodriguez and his father, Manuel Rodriguez, operated a private security company known as Bayou City Patrol Division in the Houston Division of the Southern District of Texas.   Between January 2000 and December 2005, Rodriguez hired individuals to act as armed security guards, some of whom were illegally in the United States.   Rodriguez failed to verify their employment eligibility and identity documents, and directed them to apply for commissions to carry firearms, requiring written submissions with false and fraudulent information.   On May 31, 2002, Rodriguez purchased a .357 caliber revolver on behalf of an illegal alien, falsely certifying that he was the actual buyer.   He then transferred the firearm without a valid federal firearms license.   Rodriguez pled guilty before the district court on October 23, 2006, but sought to withdraw his guilty plea almost one year later by motion dated October 16, 2007, claiming, among other things, that he was innocent of the crimes charged.   Following an October 22, 2007 hearing, the district court denied Rodriguez's motion to withdraw his guilty plea.

Rodriguez was sentenced to thirty-seven months of imprisonment, based in part upon the district court's application of section 3C1.1 of the United States Sentencing Guidelines, a two-point enhancement for obstruction of justice.   The district court found that Rodriguez impeded the administration of justice by alerting Bayou City Patrol Division security guards that federal agents would be investigating their immigration status and work commissions, and warning that the officers would arrive to check whether unlawful aliens were possessing firearms.   Based upon information contained in the Presentence Report, the

court found that Rodriguez obstructed justice by passing information to others to either abandon their post or secrete evidence from federal investigators.

## II. Analysis

### A. Motion to Withdraw Guilty Plea

Rodriguez argues that the district court erred in denying his motion to withdraw his guilty plea, arguing that he was actually innocent, entered his guilty plea "under false impressions," did not understand the consequences of such plea, and pled guilty only because he did not want to upset the court. This court reviews the denial of a motion to withdraw a guilty plea for abuse of discretion. See United States v. Grant, 117 F.3d 788, 789 (5th Cir. 1997). A district court has broad discretion in deciding whether to allow a defendant to withdraw a guilty plea. United States v. Rinard, 956 F.2d 85, 88 (5th Cir. 1992). The district court may grant a motion to withdraw a guilty plea before a defendant is sentenced if the defendant shows "a fair and just reason for requesting the withdrawal." FED. R. CRIM. P. 11(d)(2)(B).

In evaluating the denial of a motion to withdraw a guilty plea, the district court considers seven relevant factors: (1) whether the defendant asserted his innocence; (2) whether withdrawal would prejudice the Government; (3) whether the defendant delayed in filing the motion; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available; (6) whether the plea was knowing and voluntary; and (7) whether withdrawal would waste judicial resources. United States v. Carr, 740 F.2d 339, 343-44 (5th Cir. 1984). The district court makes its determination based on the totality of the circumstances. Id. at 344. The burden of establishing a fair and just reason for withdrawing a guilty plea rests at all times with the defendant. United States v. Badger, 925 F.2d 101, 104 (5th Cir. 1991).

Here, Rodriguez claimed actual innocence and that: (1) he was not made fully aware of the evidence the Government had against him; (2) the only reason he plead guilty was because he "did not want to upset the court;" (3) he was not

3

aware that he would be held responsible for thirty-nine firearms; and (4) his plea was involuntary because he was "out of it" and was "just trying to get through it."

The record confirms that the district court did not abuse its considerable discretion by denying Rodriguez's eleventh-hour motion. The Rule 11 hearing reflects that the plea was knowing and voluntary. Indeed, the district court, concerned that the defendant appeared hesitant, stated, "You seem a little hesitant. Trust me, I don't take guilty pleas from people who don't want to give -- give a guilty plea. What's your hesitation?" Rodriguez responded only: "I'm guilty, ma'am," and subsequently entered a guilty plea. Rodriguez was fully advised of, and understood, the consequences of his plea, and he was represented by counsel throughout the proceedings. See Bordenkircher v. Hayes, 434 U.S. 357, 363 (1978) ("Defendants advised by competent counsel and protected by other procedural safeguards are presumptively capable of intelligent choice in response to prosecutorial persuasion, and unlikely to be driven to false self-condemnation."); United States v. Young, 981 F.2d 180, 184 (5th Cir. 1992).[1] Rodriguez indicated that he was satisfied with the representation of counsel during his plea colloquy. Moreover, Rodriguez's admission that he committed the crimes with which he was charged enjoys a strong presumption of truth. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity").

In addition, Rodriguez first asserted his innocence almost one year after pleading guilty, just days before his scheduled sentencing. This court carefully scrutinizes "eleventh hour" assertions of innocence. See United States v. Lampazianie, 251 F.3d 519, 524-25 (5th Cir. 2001) ("the district court was entitled both to discount Francesco's belated assertions of innocence and to weigh the seven-month delay in denying Francesco's motion [to withdraw guilty

---

[1]Rodriguez is also a former Houston police officer with an understanding of the criminal justice system. He attended two years of post-secondary education.

plea].”); United States v. Badger, 925 F.2d at 104 (weighing six week delay); United States v. Thomas, 13 F.3d 151, 153 (5th Cir. 1994) (characterizing six week delay as significant); United States v. Rinard, 956 F.2d at 88-89 (affirming district court's rejection of motion to withdraw guilty plea based, in part, on sixty-nine day delay between the defendant's plea and his verbal motion). The district court here also discounted Rodriguez's assertion of innocence because his father had already pled guilty to the same conspiracy on behalf of the corporate entity.

Finally, the district court indicated that the government would be prejudiced in this case, since the government had released and deported crucial trial witnesses after Rodriguez's guilty plea. See United States v. McElhaney, 469 F.3d 382, 386 (5th Cir. 2006) ("The court also properly concluded that the likelihood of prejudice to the government is considerable where the withdrawal occurs after a key witness has become unavailable for trial."). In sum, the record in this case establishes that the district court did not abuse its discretion in denying the defendant's motion to withdraw his guilty plea.

B.     Sentencing Enhancements[2]

In a supplemental brief, Rodriguez contends that the government breached an oral plea agreement not to seek any upward adjustments by arguing in favor of Sentencing Guidelines enhancements for (1) obstruction of justice; (2) Rodriguez's role as a leader-organizer; and (3) the presence of multiple firearms. The government filed a response to the supplemental brief conceding that the plea agreement was "arguably" violated and that Rodriguez is entitled to be resentenced before a different district judge. See Santobello v. New York, 404 U.S. 257, 262-63 (1971) (providing for remedy of resentencing before a different

---

[2] Rodriguez does not claim that the district court's eventual sentence was unreasonable; only that the imposition of certain enhancements was improper. Accordingly, we need not consider the procedural or substantive reasonableness of the district court's sentence under Gall v. United States, 128 S. Ct. 586, 596-97 (2007).

district judge);[3] United States v. Saling, 205 F.3d 764, 768 (5th Cir. 2000) (same). In light of this concession, we grant the agreed-upon relief by vacating Rodriguez's sentence and remanding for resentencing before a different district judge.[4] In so doing, we note that this vacatur is caused not by any error on the part of the district judge, but rather by the government's error. Id.

### III. Conclusion

Rodriguez has not established that the district court abused its discretion by denying his motion to withdraw his guilty plea; however, the parties agree that he is entitled to be resentenced. Accordingly, Rodriguez's conviction is AFFIRMED; his sentence is VACATED, and the case is remanded for resentencing before a different district judge.

---

[3] The remedy of resentencing by a different district judge is not based on any misstep by the original sentencing judge; instead, it reflects a need to remove the taint of the original error by the government. See generally Santobello, 404 U.S. at 263 (explaining that remand to a different judge is not a reflection upon the original judge).

[4] The first appellate brief in which Rodriguez raised the issue of the breach of the plea agreement was his supplemental brief. In that brief, he argued that "this court must vacate [this] sentence and remand to permit Appellant to plea anew before a different judge." We construe this request as a request for specific performance to which the government has agreed. Rodriguez's earlier arguments regarding withdrawal of his plea were not based upon any alleged breach of the plea agreement.