UNITED STATES of America,
Plaintiff–Appellee,

v.

Todd Anthony HERNANDEZ,
Defendant–Appellant.

No. 07–10428.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 9, 2009.

Filed Feb. 24, 2009.

Michael K. Kawahara, Esquire, Office of the U.S. Attorney, Honolulu, HI, for Plaintiff–Appellee.

Philip A. Demassa, I, Esquire, Philip A. Demasa APC, San Diego, CA, for Defendant–Appellant.

Before: REINHARDT, BRUNETTI and THOMAS, Circuit Judges.

## MEMORANDUM *

Todd Anthony Hernandez ("Hernandez") was convicted in the United States District Court, District of Hawaii, of conspiring to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A); and of distributing 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) and 18 U.S.C. § 2. Hernandez received an enhanced sentence of 262 months on each count, to be served concurrently. This appeal followed, and we affirm.

We find no error in the district court's denial of Hernandez's motion to dismiss the indictment on account of government misconduct. First, notwithstanding any alleged perjured testimony before the grand jury, there was "sufficient non-perjurious testimony ... to support the indictment," and therefore dismissal on that ground was not justified. *See United States v. Claiborne,* 765 F.2d 784, 791 (9th Cir.1985), *abrogated on other grounds, Ross v. Oklahoma,* 487 U.S. 81, 108 S.Ct. 2273, 101 L.Ed.2d 80 (1988). Nor was

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

dismissal warranted by the government's failure to provide the grand jury with all available impeachment evidence, as "prosecutors have no obligation to disclose 'substantial exculpatory evidence' to a grand jury, even if that evidence impeaches the credibility of a key witness." *United States v. Haynes*, 216 F.3d 789, 798 (9th Cir.2000) (citing *United States v. Williams*, 504 U.S. 36, 51–55, 112 S.Ct. 1735, 118 L.Ed.2d 352 (1992)). Second, the government's failure to produce certain investigative reports did not violate *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), because Hernandez failed to make any showing that these reports were material. Third, the prosecutor's characterization of reasonable doubt during his closing argument was not grounds for dismissal because, after defense counsel's untimely objection, the court provided an adequate curative instruction. If there was error, it was harmless.

The district court also correctly rejected Hernandez's next argument—that his Sixth Amendment rights were violated on account of ineffective assistance of trial counsel. Counsel was not ineffective in failing to seek dismissal of the indictment on the basis of a Speedy Trial Act violation because there was no such violation: Hernandez's trial commenced well within the required 70 days from his first appearance before a judicial officer in the charging district of Hawaii. *See* 18 U.S.C. § 3161(c)(1). Nor was trial counsel ineffective in withdrawing a request for a *Franks* hearing to challenge the affidavit supporting the search of Hernandez's residence. Putting aside the statements alleg-

edly made with reckless disregard for the truth, the remainder of the affidavit was still more than adequate to establish probable cause. *See Franks v. Delaware*, 438 U.S. 154, 171–72, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). As to the miscellaneous alleged deficiencies in counsel's performance that were mentioned only in passing in the opening brief, Hernandez has been unable to show that he was prejudiced by any of his attorney's actions. *See Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ Finally, the district court did not err in enhancing Hernandez's sentence pursuant to 21 U.S.C. § 841(b)(1)(A), on account of his "prior conviction for a felony drug offense." The certified copies of the record of Hernandez's prior conviction, including the indictment, abstract of judgment, jury instructions, and jury verdict form, make abundantly clear that Hernandez was convicted in 1993 of "illegal investment" under Tex. Health & Safety Code § 481.126(a)(2) (West 1990).[1] Applying the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), we conclude that the statutory definition of "illegal investment" categorically qualifies as a "felony drug offense" for purposes of a sentence enhancement. *See United States v. Navidad–Marcos*, 367 F.3d 903, 907 (9th Cir.2004). The crime of illegal investment is defined as "knowingly or intentionally ... financ[ing] or invest[ing] funds the person knows or believes are intended to further the commission" of an enumerated drug offense, Tex. Health & Safety Code § 481.126(a)(2) (West 1990),

---

1. Even if the statute of conviction was Tex. Health & Safety Code § 481.126 as a whole, rather than subsection (a)(2), we would still conclude, by looking to the record of conviction under the modified categorical approach, that the conduct for which Hernandez was convicted constitutes "illegal investment."

*See Shepard v. United States*, 544 U.S. 13, 17, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005); *Taylor v. United States*, 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990); *United States v. Snellenberger*, 548 F.3d 699, 702 (9th Cir.2008).

and is punishable by imprisonment for five years to life. Tex. Health & Safety Code § 481.126(b) (West 1990). A "felony drug offense" is defined as "an offense that is punishable by imprisonment for more than one year under any law of ... a State ... that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). The Texas statute is punishable by more than one year; it arises under the law of the State of Texas; and it prohibits conduct (the investment of funds) relating to (to further the commission of) a drug offense. *Cf. United States v. Martinez*, 182 F.3d 1107, 1113 (9th Cir.1999).[2] We conclude, therefore, that Hernandez's 1993 conviction was a "prior conviction for a felony drug offense," which justifies the enhancement of his sentence under 21 U.S.C. § 841(b)(1)(A).

The judgment of the district court is, for all of these reasons, **AFFIRMED**.

2. Our conclusion is corroborated by Fifth Circuit case law holding that section 481.126(a)(2) is, categorically, a "controlled substance offense." *United States v. Cruz*, 882 F.2d 922, 924 (5th Cir.1989); *see also United States v. Rinard*, 956 F.2d 85, 88 (5th Cir. 1992). As a "felony drug offense" covers more conduct than a "controlled substance

offense," *see United States v. Sandle*, 123 F.3d 809, 812 (5th Cir.1997), section 481.126(a)(2) would logically be a "felony drug offense" under Fifth Circuit law, as well.

