# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50959
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 1, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KELLY DAVID SHAMBAUGH,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:15-CR-290-2

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Without the benefit of a plea agreement, Kelly David Shambaugh pleaded guilty to three counts of an indictment charging him with one count of distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2) (count three), one count of conspiracy to commit cyber stalking in violation of 18 U.S.C. §§ 371 and 2261A(2)(B) (count five), and one count of cyber stalking (count six) in violation of § 2261A(2)(B). He was sentenced to a within-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

guidelines sentence of 180 months on count three, 45 months on count five, and 45 months on count six, all sentences to run consecutively. Shambaugh appeals the district court's judgment, including the district court's denial of his motion to withdraw his guilty plea and motion to recuse the district court judge. His appeal raises the following issues.

*Application of the U.S.S.G. § 2G2.2(c)(1) Cross Reference*

On appeal, Shambaugh argues that the district court's application of the § 2G2.2(c)(1) cross reference to § 2G2.1—which increased his total offense level—violated the Sixth Amendment and the Fifth Amendment's due process clause. We review a district court's interpretation or application of the Sentencing Guidelines de novo. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). When, as here, we are "faced with a preserved constitutional challenge to the Guidelines' application, our review is *de novo*." *United States v. Preciado-Delacruz*, 801 F.3d 508, 511 (5th Cir. 2015), *cert. denied*, 136 S. Ct. 2007 (2016).

In the sentencing context, "Fifth and Sixth Amendment challenges are foreclosed by our precedent . . . because we have held that courts can engage in judicial factfinding where the defendant's sentence ultimately falls within the statutory maximum term." *United States v. Hebert,* 813 F.3d 551, 564 (5th Cir. 2015) (citing *United States v. Mares,* 402 F.3d 511, 519 (5th Cir. 2005)), *cert. denied*, 137 S. Ct. 37 (2016); *see United States v. Hernandez*, 633 F.3d 370, 374 (5th Cir. 2011). In this case, Shambaugh's 15-year sentence for count three was within the statutory maximum for a violation of § 2252(a)(2). *See* § 2252(b)(1). Accordingly, Shambaugh's sentence for count three did not implicate constitutional concerns. *See Hebert*, 813 F.3d at 564; *United States v. Hinojosa,* 749 F.3d 407, 412-13 (5th Cir. 2014).

No. 16-50959

*Motion to Withdraw Guilty Plea*

Shambaugh next challenges the district court's denial of his motion to withdraw his guilty plea. A defendant may withdraw his guilty plea before sentencing if he can establish a "fair and just reason" for the withdrawal. FED. R. CRIM. P. 11(d)(2). We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. *See United States v. Adam*, 296 F.3d 327, 332 (5th Cir. 2002).

The district court denied Shambaugh's motion based on its consideration of certain of the factors set forth in *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984). The record supports the district court's denial. The record establishes that Shambaugh's pleas were knowing and voluntary, in view of the fact that, among other things, Shambaugh acknowledged the maximum sentences for his offenses of conviction at his arraignment. *See United States v. Pearson*, 910 F.2d 221, 222 (5th Cir. 1990). Moreover, after entering his pleas, Shambaugh never asserted his innocence for his offenses of conviction. *See United States v. Herrod*, 595 F. App'x 402, 410 (5th Cir. 2015). Furthermore, given that Shambaugh filed his motion approximately 15 weeks after his guilty plea, the district court's finding that Shambaugh's motion was not timely filed is not error. *See United States v. Thomas*, 13 F.3d 151, 153 (5th Cir. 1994); *United States v. Rinard*, 956 F.2d 85, 88-89 (5th Cir. 1992); *United States v. Hurtado*, 846 F.2d 995, 997 (5th Cir. 1988); *Carr*, 740 F.2d at 345. Finally, Shambaugh admits that he received close assistance of counsel. Accordingly, Shambaugh has failed to demonstrate that the district court abused its discretion in denying his motion to withdraw his guilty plea.

*Motion to Recuse*

Prior to sentencing, Shambaugh filed a motion to recuse the sentencing court judge based on a finding that the judge made during the sentencing

hearing of Shambaugh's codefendant.  A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  28 U.S.C. § 455(a), (b)(1).

In this case, because the sentencing court judge made the finding at issue during the sentencing of Shambaugh's codefendant, any opinion formed concerning such a finding was not derived from an extrajudicial source.  *Liteky v. United States*, 510 U.S. 540, 555 (5th Cir. 1994).  Furthermore, Shambaugh does not argue that the district court exhibited "a deep-seated favoritism or antagonism that would make fair judgment impossible."  *Id.*  For these reasons, Shambaugh has failed to establish that the district court abused its discretion in denying his motion to recuse.  *United States v. Mizell*, 88 F.3d 288, 299 (5th Cir. 1996).

*Vulnerable Victim Enhancement*

Finally, Shambaugh's argument that the district court erred by applying a "vulnerable victim" enhancement pursuant to U.S.S.G. § 3A1.1(b)(1) is foreclosed by circuit precedent.  *United States v. Jenkins*, 712 F.3d 209, 212-14 (5th Cir. 2013).

Accordingly, the district court's judgment is AFFIRMED.