# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-11023

United States Court of Appeals
Fifth Circuit

**FILED**

September 15, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

GERARDO PRECIADO-DELACRUZ,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas

Before JONES, SMITH, and SOUTHWICK, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Gerardo Preciado-Delacruz appeals his sentence for possession with intent to distribute marihuana. First, he complains that the district court violated his Fifth Amendment right against self-incrimination by denying him a downward adjustment for acceptance of responsibility after he refused to speak openly about relevant conduct. Second, he claims that the above-guidelines sentence was substantively unreasonable. We affirm.

No. 14-11023

I.

In October 2013, acting on a confidential source's tip, DEA officers staked out Cesar Loma's house in Fort Worth, Texas, to investigate marihuana trafficking. On October 11, officers saw Preciado-Delacruz and an associate, Pedro Lopez-Maya, arrive in a truck, enter the house with a box, meet with Loma for a short time, and exit with a grocery bag. Officers stopped the truck after it left, and Lopez-Maya as the driver consented to a search. Inside, the officers found about seven pounds of marihuana and the bag containing over $14,000. A later search of the house uncovered a gun and fourteen more pounds of marihuana; Preciado-Delacruz's fingerprints were discovered on the packaging. Preciado-Delacruz pleaded guilty of one count of possession with intent to distribute marihuana in violation of 21 U.S.C. § 841(a)(1).

A probation officer met with Preciado-Delacruz to compile his presentence investigation report ("PSR"). Applying the 2013 U.S. Sentencing Guidelines (the "Guidelines"), the PSR reflected a base offense level of 18, assessed a two-level increase because Loma possessed a dangerous weapon during the drug deal, and concluded that the criminal-history category was I. Importantly, the PSR advised the district court against awarding a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. The probation officer provided several reasons why: Preciado-Delacruz initially had said that "he just wants to serve his time for the offense and go home, rather than answer questions about his involvement." When he did agree to answer questions, he was hesitant to talk about the offense and minimized his involvement in the drug deliveries, evidence of which indicated that his involvement was much greater. He first said that he had touched the marihuana only to see what it was, then revised that to say he loaded the packages into the truck. Otherwise, he refused to discuss any details other than those specifically related to the charged crime.

2

No. 14-11023

Without the adjustment under § 3E1.1, the PSR correctly calculated the advisory sentencing range as 33 to 41 months. Preciado-Delacruz filed timely objections, including one for withholding the acceptance-of-responsibility adjustment.

At sentencing, the district court adopted the PSR's factual findings. Preciado-Delacruz renewed his objection to the withholding of the acceptance-of-responsibility adjustment, and the court overruled it. The court then correctly calculated the Guidelines' range but indicated afterwards that it intended to impose an outside-the-guidelines sentence. After hearing from defense counsel and reviewing the file, the court concluded that it would depart upward.

Accounting for the statutory factors in 18 U.S.C. § 3553(a), the court explained that it was imposing an above-guidelines sentence in light of Preciado-Delacruz's extensive history of illegal entry into the United States: Border Patrol agents had apprehended him seven times for illegally entering the country, and he was present illegally at the time of the offense. But in describing that history, the court misstated two facts. First, it mistakenly stated that Preciado-Delacruz had been convicted earlier of illegal reentry; in fact, his conviction was for illegal entry, for which he served 120 days. Second, the court noted that he had been forcibly removed from the United States a number of times. But in truth, the government had removed him only once; on six other occasions, Preciado-Delacruz was granted voluntary departure. Defense counsel raised no objection nor offered any correction.

The court imposed a sentence of sixty months—the statutory maximum—and two years' supervised release. It then described the standard conditions of supervised release, informed Preciado-Delacruz of the right to appeal, and answered a few requests from counsel. Finally, just before the

3

No. 14-11023

sentencing hearing adjourned, defense counsel stated the following objection: "And for the record, my client respectfully objects to the sentence as substantively unreasonable."

## II.

Ordinarily, "[t]his court reviews a district court's refusal to reduce a defendant's offense level for acceptance of responsibility under USSG § 3E1.1 with a standard 'even more deferential than a purely clearly erroneous standard.'" *United States v. Washington*, 340 F.3d 222, 227 (5th Cir. 2003) (citing *United States v. Maldonado*, 42 F.3d 906, 913 (5th Cir. 1995)). We will not second-guess the decision unless it is without foundation. *Id.* But when faced with a preserved constitutional challenge to the Guidelines' application, our review is *de novo*. *See United States v. Hernandez*, 633 F.3d 370, 373 (5th Cir. 2011); *United States v. Flores-Alejo,* 531 F. App'x 422, 424 & n.1 (5th Cir. 2013).

On the challenge to substantive reasonableness, we normally review for abuse of discretion, accounting for the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51 (2007). But that standard does not apply here because Preciado-Delacruz failed properly to preserve his claim. "To preserve error, an objection must be sufficiently specific to alert the district court to the nature of the alleged error and to provide an opportunity for correction." *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009). Defense counsel's generic objection to substantive reasonableness does not meet that standard because it failed to cite any of the specific grounds now raised on appeal. *See United States v. Dunigan*, 555 F.3d 501, 506 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). Thus, our review is for plain error.[1]

---

[1] The government's failure to urge for plain-error review does not obviate our duty to apply the appropriate standard. *United States v. Pierre*, 958 F.2d 1304, 1311 n.1 (5th Cir.

No. 14-11023

III.

A.

Preciado-Delacruz asks us to answer in his favor a question the Supreme Court deliberately has left unresolved: whether, consistently with the Fifth Amendment, a court may rightfully consider a defendant's silence or refusal to answer questions about relevant conduct when deciding whether to grant § 3E1.1's downward adjustment for acceptance of responsibility. *See Mitchell v. United States*, 526 U.S. 314, 330 (1999). Binding precedent of this court, however, dooms Preciado-Delacruz's theory.

In *United States v. Mourning*, 914 F.2d 699, 706 (5th Cir. 1990), we faced the same claim raised here under an earlier version of the Guidelines.[2] We held that rewarding a defendant who expresses contrition and cooperates with the government is not the same as compelling him to incriminate himself. *Id.* at 706–07. "To hold the acceptance of responsibility provision unconstitutional would be to say that defendants who express genuine remorse for their actions can never be rewarded at sentencing. This the Constitution does not require." *Id.* at 707 (quoting *United States v. Henry*, 883 F.2d 1010, 1012 (11th Cir. 1989)).[3] That holding applies squarely here.[4] Consequently, any inference that the district court drew from the defendant's silence for purposes of § 3E1.1 was permissible. That, coupled with the other behaviors described in the PSR that are inconsistent with the acceptance of responsibility, suggests that the

---

1992) (en banc).

[2] *Mourning* was statutorily overruled on other grounds as explained in *United States v. Stewart*, 93 F.3d 189, 195 (5th Cir. 1996).

[3] Indeed, a contrary rule would run counter to the principles undergirding all plea agreements, which are themselves offers of a benefit in exchange for waiving constitutional rights.

[4] *See White v. Woodall*, 134 S. Ct. 1697, 1703 n.3 (2014) (noting that the Court has yet to resolve the issue and that courts of appeals appear divided).

decision to withhold the downward adjustment was not without foundation.

### B.

Preciado-Delacruz relies on the district court's apparent factual mistakes as rendering his sentence substantively unreasonable.  Those errors, however, could have been corrected during sentencing, yet Preciado-Delacruz raised no objection.  "Questions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error."  *United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991).  Thus they are no basis for overturning the sentence.  Further, Preciado-Delacruz claims that the court failed properly to weigh the sentencing factors in 18 U.S.C. § 3553(a).  But upon review of the sentencing hearing, we see no clear or obvious error in how the court determined and explained the sentence.  *See United States v. Peltier*, 505 F.3d 389, 392–93 (5th Cir. 2007).  The court considered the § 3553(a) factors, and the sentence does not exceed the statutory maximum. As a result, the above-guidelines sentence was not plainly erroneous.  *See id.* at 393–94; *United States v. Whitelaw*, 580 F.3d 256, 265 (5th Cir. 2009).

AFFIRMED.