**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Kamau Alan ISRAEL, Defendant–
Appellant.**

No. 15–10377
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 18, 2016.

James Wesley Hendrix, Assistant U.S. Attorney, U.S. Attorney's Office, Dallas, TX, for Plaintiff–Appellee.

Kevin Joel Page, Federal Public Defender's Office, Dallas, TX, William Ernest Hermesmeyer, Assistant Federal Public Defender, Federal Public Defender's Office, Fort Worth, TX, for Defendant–Appellant.

Before STEWART, Chief Judge, and DAVIS and GRAVES, Circuit Judges.

PER CURIAM: *

Kamau Alan Israel appeals the 240–month sentence imposed following his guilty plea conviction for bank robbery in violation of 18 U.S.C. § 2113(a). On appeal, he argues that his 240–month sentence, an upward variance from the guidelines range of 151 to 188 months, is procedurally and substantively unreasonable. We affirm.

Israel first argues that the district court erred when it denied a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. We review a district court's refusal to reduce a defendant's offense level for acceptance of responsibility under § 3E1.1 with a standard "even more deferential than a pure clearly erroneous standard." *United States v. Maldonado,* 42 F.3d 906, 913 (5th Cir.1995) (internal quotation marks and citation omitted). We "will not second-guess the decision unless it is without foundation." *United States v. Preciado–Delacruz,* 801 F.3d 508, 511 (5th Cir.2015).

The district court denied Israel an acceptance of responsibility reduction based on the probation officer's determination that, during his presentence interview, Israel denied that he attempted to steal a car during his offense of conviction. Israel argues that the presentence report, and the addenda, do not clearly state that Israel denied that he attempted to steal a car during his offense of conviction. He maintains that when he was questioned about his attempt to steal a car, he, upon the advice of counsel, exercised his right to remain silent.

Israel's contention is not supported by the record. The presentence report and the addenda, which were adopted by the district court, provided credible evidence that during his presentence interview, Israel denied relevant conduct concerning the attempted carjacking. The district court's decision to adopt the probation officer's version of the facts surrounding Israel's presentence interview over Israel's version was implicitly based upon a credibility determination, which we should not disturb. *See United States v. Spires,* 79 F.3d 464, 467 (5th Cir.1996). Accordingly,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court's finding that Israel falsely denied his relevant conduct is not without foundation. *See Preciado–Dela-cruz,* 801 F.3d at 511; § 3E1.1, comment. (n.1(A)). Based on the foregoing, Israel has not shown that the district court erred by denying him a reduction in his offense level for acceptance of responsibility. *See Patino–Cardenas,* 85 F.3d at 1135; *see also* § 3E1.1, comment. (n.1(A)).

Israel next argues that his 240–month imprisonment sentence, which is the statutory maximum and above the advisory sentencing guidelines range of 151 to 188 months, is unreasonable. He asserts that the imposed sentence fails to take into account his personal mitigating circumstances, such as his mental illness and the large gap in time between the instant offense and his last prior conviction.

When the district court has imposed a sentence that varies from the guidelines range, such as in the instant case, reasonableness review requires that we evaluate whether the sentence "unreasonably fails to reflect the statutory sentencing factors" set forth in § 3553(a). *United States v. Smith,* 440 F.3d 704, 708 (5th Cir.2006). A non-guidelines sentence unreasonably fails to reflect the statutory sentencing factors if the district court (1) did not account for a factor that should have received significant weight, (2) gave significant weight to an irrelevant or improper factor, or (3) made a clear error of judgment in balancing the sentencing factors. *Id.* at 708.

Israel's arguments are unpersuasive. The record reflects that the district court considered Israel's mitigating factors. The district court nevertheless decided that other factors, including Israel's criminal history, supported a significant variance. The record does not reflect that the district court did not account for a factor that should have received significant weight, gave significant weight to an irrel-

evant or improper factor, or made a clear error of judgment in balancing the sentencing factors. *See Smith,* 440 F.3d at 708. Additionally, although the 240–month sentence is 52 months greater than the top of the guidelines range, we have upheld greater deviations from the guidelines. *See, e.g., United States v. Key,* 599 F.3d 469, 475–76 (5th Cir.2010); *United States v. Jones,* 444 F.3d 430, 433, 441–42 (5th Cir.2006); *United States v. Smith,* 417 F.3d 483, 492 (5th Cir.2005). Based on the totality of the circumstances, including the significant deference that is due to a district court's consideration of the § 3553(a) factors, the sentence imposed was reasonable. *See Gall v. United States,* 552 U.S. 38, 50–53, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

Accordingly, the district court's judgment is AFFIRMED.