# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10780
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 23, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RONNIE FLANAGAN, also known as Tommy Jenkins,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-59-1

Before HIGGINBOTHAM, ELROD and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Ronnie Flanagan pleaded guilty to an indictment charging him with possession of a firearm by a convicted felon. The district court upwardly varied from the guidelines range and sentenced Flanagan to 84 months of imprisonment. On appeal, Flanagan challenges his conviction and sentence. Flanagan argues that the district court erred in determining his base offense level under U.S.S.G. § 2K2.1(a)(4)(A) based on a finding that his prior Texas

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conviction for aggravated assault on a public servant qualified as a crime of violence.  Specifically, Flanagan asserts, as he did in the district court, that the Texas aggravated assault statute does not have the use, attempted use, or threatened use of force as an element of the offense.

We review a district court's interpretation or application of the Sentencing Guidelines de novo and its factual findings for clear error.  *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008.    Under § 2K2.1(a)(4)(A), the base offense level is 20 if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense."  The term "crime of violence" in § 2K2.1 "has the meaning given that term in [U.S.S.G.] § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2."  § 2K2.1, comment. (n.1).

Section 4B1.2(a) provides that an offense qualifies as a crime of violence if it "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious risk of physical injury to another."  § 4B1.2.  Application Note 1 of the Commentary to § 4B1.2 provides that "crime of violence" includes certain enumerated offenses and specifically lists aggravated assault as one such offense.  § 4B1.2, comment. (n.1).  Enumerated offenses listed in the commentary are treated as crimes of violence.  *United States v. Rayo-Valdez*, 302 F.3d 314, 317 (5th Cir. 2002).

In *United States v. Guillen-Alvarez*, 489 F.3d 197, 199-201 (5th Cir. 2007), this court held that aggravated assault under Texas Penal Code § 22.02(a), the statute under which Flanagan was convicted of aggravated assault, qualified as a conviction for an enumerated offense of aggravated

assault and a crime of violence under U.S.S.G § 2L1.2(b)(1)(A)(ii).  Because the crime of violence analysis applies consistently for guidelines calculations involving § 4B1.2 and § 2L1.2, *see Rayo-Valdez*, 302 F.3d at 318, Flanagan's prior Texas conviction for aggravated assault was properly treated as a crime of violence.  *See Guillen-Alvarez*, 489 F.3d at 199-201.  The district court did not err in determining the base offense level under § 2K2.1(a)(4)(A).

Flanagan also argues that the district court erred by denying his motion to dismiss the indictment, contending that § 922(g) is unconstitutional because "it regulates conduct that falls outside the government's power to regulate commerce" and that the indictment failed to allege that he knew the firearm had traveled in interstate commerce.  As Flanagan correctly concedes, these arguments are foreclosed by this court's precedent.  *See United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013); *United States v. Rose*, 587 F.3d 695, 705-06 (5th Cir. 2009).

The Government has moved for summary affirmance.  Summary affirmance is not appropriate, and the motion is DENIED.  *See United States v. Holy Land Found. for Relief & Dev.*, 445 F.3d 771, 781 (5th Cir. 2006).  The Government's alternative motion for an extension of time to file a responsive brief is also DENIED.  The judgment of the district court is AFFIRMED.