# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-11171
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 30, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN ANTONIO RIVERA-MARTINEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-127-1

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Juan Antonio Rivera-Martinez pleaded guilty to one count of illegal reentry after deportation and received a within-guidelines sentence of 16 months of imprisonment and a three-year term of supervised release. He now argues that the district court committed procedural error when it failed to adequately explain why it denied his request for a downward departure based on cultural assimilation and time spent in immigration custody.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-11171

We ordinarily engage in a bifurcated review of the sentence imposed by the district court, first considering whether the district court committed a "significant procedural error," such as "failing to adequately explain the chosen sentence," and then reviewing the substantive reasonableness of the sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). Rivera-Martinez concedes that he failed to object below but argues that strict application of a plain error standard of review should be mitigated by defense counsel's explicit request that the court consider factors that it passed over in silence. Plain error review applies if the defendant fails to object with sufficient specificity in the district court, as occurred here. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007); *see also United States v. Preciado-Delacruz*, 801 F.3d 508 (5th Cir. 2015)("generic" objections are not sufficiently specificity to alert district court to the error), *cert. denied*, 84 U.S.L.W. 3631 (U.S. 2016). To show plain error, Rivera-Martinez must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id*.

Here, the district court explicitly stated that it had read and considered Rivera-Martinez's request for a downward departure and listened to argument made by defense counsel at sentencing in support of the request. When imposing the within-guidelines sentence, the district court stated that it did so after consideration of the factual resume and the 18 U.S.C. § 3553 factors, and believed the sentence to be correct given all of the facts and circumstances. As the record demonstrates that the district court considered Rivera-Martinez's arguments for a downward departure and adequately explained the reasons

No. 15-11171

for imposing the sentence it did, Rivera-Martinez has not shown a clear or obvious error. *See Puckett*, 556 U.S. at 135; *Rita v. United States*, 551 U.S. 338, 356-59.

AFFIRMED.