# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-11165
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 21, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FERNANDO PEREZ, also known as Fernando Perez-Reynoso,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-129-2

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Fernando Perez challenges his sentence to the statutory maximum of 240 months of imprisonment for conspiracy to possess with intent to distribute methamphetamine. The presentence report (PSR) calculated a guidelines range of 210 to 240 months, based in part on a two-level enhancement, under U.S.S.G. § 2D1.1(b)(1), for possessing a firearm during his participation in the conspiracy and a three-level reduction, under U.S.S.G. § 3E1.1, for acceptance

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of responsibility.   Before the district court, Perez objected to the § 2D1.1 firearm enhancement.   The court overruled the objection and found that Perez's objection constituted a false denial of relevant facts that supported the enhancement.   The district court therefore declined to grant Perez a § 3E1.1 reduction for acceptance of responsibility, leading to a guidelines sentence of 240 months.   On appeal, Perez argues: (1) the court denial of a § 3E1.1 reduction was without foundation; and (2) the district court violated 18 U.S.C. § 3553(a)(4) by failing to consider the guidelines range that would have been applicable with the reduction.   Because Perez did not object to his sentence below, we review the district court's decision for plain error only.   *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

As to the district court's denial of the § 3E1.1 reduction, Perez contends that the court erred in construing his objection to the § 2D1.1(b)(1) enhancement as a false denial of additional relevant conduct for which he was accountable, *see* § 3E1.1, comment. (n. 1(A)), rather than as a permissible challenge to the legal significance of the admitted conduct, *see United States v. Patino-Cardenas*, 85 F.3d 1133, 1136 (5th Cir. 1996); *United States v. Fells*, 78 F.3d 168, 171-72 (5th Cir. 1996).   We disagree.   Although Perez argued that the facts did not support the legal conclusion that he had the required relationship to the relevant firearm, he also disputed some of the underlying facts that supported the enhancement.   The district court's finding that Perez had failed to truthfully admit the full extent of his relevant conduct was therefore not without foundation.   *See United States v. Preciado-Delacruz*, 801 F.3d 508, 511 (5th Cir. 2015).   Accordingly, the district court committed no reversible error in denying the § 3E1.1 reduction.

As to Perez's argument that the district court failed to consider the guidelines range that would have applied had it granted the reduction, he cites

No. 15-11165

no authority for the proposition that a sentencing court must "consider" a guidelines range that it determines is inapplicable. Section 3553(a)(4) only requires the court to consider "*the* sentence range established . . . as set forth in the guidelines" (emphasis added), i.e., the applicable guidelines range. It is undisputed that the district court considered the applicable guidelines sentence of 240 months before imposing that sentence upon Perez.

Accordingly, the district court's sentence is AFFIRMED.