# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-51199
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 2, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE FIGUEROA-CRUZ, also known as Herminio Figueroa-Cruz,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:14-CR-1167-1

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jose Figueroa-Cruz appeals the 63-month sentence he received after pleading guilty to illegal reentry. He argues that the sentence is greater than necessary because U.S.S.G. § 2L1.2 lacks an empirical basis and produced too high a guidelines range in his case due to its method of calculating a defendant's base offense level, as evidenced by the Sentencing Commission's proposed 2016 revisions to § 2L1.2.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-51199

We generally review whether a sentence is substantively reasonable "under an abuse of discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). Because Figueroa-Cruz did not raise this argument in the district court, however, plain error review applies. *See United States v. Preciado–Delacruz*, 801 F.3d 508, 511 (5th Cir. 2015), *cert. denied*, 136 S. Ct. 2007 (2016). He therefore must show a forfeited error that is clear or obvious and that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). Upon such a showing, we may correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

We have rejected reasonableness challenges to illegal reentry sentences based on claims that § 2L1.2 lacks an empirical basis. *United States v. Duarte*, 569 F.3d 528, 530–31 (5th Cir. 2009); *see also United States v. Miller*, 665 F.3d 114, 121 (5th Cir. 2011) ("[W]e will not reject a Guidelines provision as 'unreasonable' or 'irrational' simply because it is not based on empirical data and even if it leads to some disparities in sentencing.") (child pornography case).

Figueroa-Cruz also argues that his sentence is greater than necessary to adequately deter him and does not reflect this being his first immigration offense or his reason for reentering the country, to earn a living that would support his family. However, his properly calculated within-guidelines sentence is presumed reasonable, and we will infer that the district court "considered all the factors for a fair sentence set forth in the Guidelines." *United States v. Jefferson*, 751 F.3d 314, 322 (5th Cir. 2014) (internal quotation marks and citation omitted). Assertions of benign motives and disagreement with the district court's weighing the need to deter future criminal conduct are insufficient to rebut the presumption. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565 (5th Cir. 2008); *see also United States v. Malone*, 828 F.3d 331,

No. 15-51199

342 (5th Cir. 2016) ("Though Appellants may disagree with how the district court balanced the § 3553(a) factors, their argument that these factors should have been weighed differently is not a sufficient ground for reversal.").

As Figueroa-Cruz has not shown that the district court plainly erred or abused its discretion by sentencing him within the properly calculated guidelines range of imprisonment, his sentence is AFFIRMED.