# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30170
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 3, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAY L. HOLMES, JR.,

Defendant-Appellant

Cons. w/No. 16-30173

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RALPHAEL CASSIBERRY,

Defendant-Appellant

No. 16-30170
Cons w/Nos. 16-30173, 16-30178, 16-30181

Cons. w/No. 16-30178

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TARNASHA HARDEN,

Defendant-Appellant

Cons. w/No. 16-30181

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JEREMIAH J. SCOTT,

Defendant-Appellant,

———————————————

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 5:15-CR-62-3
USDC No. 5:15-CR-62-8
USDC No. 5:15-CR-62-5
USDC No. 5:15-CR-62-1

———————————————

No. 16-30170
Cons w/Nos. 16-30173, 16-30178, 16-30181

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Ray L. Holmes, Jr., Ralphael Cassiberry, Tarnasha Harden, and Jeremiah J. Scott pleaded guilty to conspiracy to commit wire fraud. The court sentenced each defendant to a within-guidelines term of imprisonment,[1] a three-year term of supervised release, and restitution in the amount of $61,438.86. Each defendant appeals the district court's denial of a reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. We address each defendant's arguments in turn.

Holmes argues that the district court erred in denying him a reduction, disputing the district court's finding that he had lied to the court and the probation officer. In his view, he clearly demonstrated acceptance of responsibility because he was the first to plead guilty and the only one of ten defendants to give a statement admitting his role in the offense and identifying his coconspirators. The district court's denial of acceptance of responsibility as to Holmes is not without foundation. *See United States v. Preciado-Delacruz*, 801 F.3d 508, 511 (5th Cir. 2015). The record reflects that Holmes did not cooperate with the probation officer when answering questions concerning the extent and scope of his involvement in the conspiracy and that he lied to the probation officer and the district court when he initially denied knowing two coconspirators, Harden and Ashley Thomas, both of whom are his cousins. *See United States v. Angeles-Mendoza*, 407 F.3d 742, 753 (5th Cir. 2005); *United States v. Cabrera*, 288 F.3d 163, 177 (5th Cir. 2002).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Holmes was sentenced to 30 months of imprisonment, Cassiberry was sentenced to 24 months, Harden was sentenced to 18 months, and Scott was sentenced to 23 months.

Next, Cassiberry contends that the district court violated his rights under the Double Jeopardy Clause when it denied him a reduction based on his criminal conduct while on pretrial release.  There is no double jeopardy violation when a defendant receives a sentencing enhancement that is based on the same conduct that also results in additional criminal charges.  *United States v. Dison*, 573 F.3d 204, 208 n.21 (5th Cir. 2009).  "The district court may properly deny a reduction for acceptance of responsibility for failure to refrain from criminal conduct while on pretrial release."  *United States v. Rickett*, 89 F.3d 224, 227 (5th Cir. 1996).  The district court's denial of the reduction as to Cassiberry is thus not without foundation.  *See Preciado-Delacruz*, 801 F.3d at 511.

The next defendant, Harden, argues that the district court violated his Fifth Amendment privilege against self-incrimination when it denied the reduction because Harden had refused to provide even basic information to the probation officer and had made an overly frivolous objection to the loss amount.  The district court's denial of a reduction did not violate Harden's Fifth Amendment rights.  *See Preciado-Delacruz*, 801 F.3d at 511-12.  Nor was the district court's denial without foundation.  *See id.* at 511.  A defendant's refusal to debrief with a probation officer may be a factor in denying a reduction for acceptance of responsibility.  *See United States v. Medina-Anicacio*, 325 F.3d 638, 648 (5th Cir. 2003); *United States v. Solis*, 299 F.3d 420, 458 (5th Cir. 2002).  Also, a frivolous objection or denial of relevant conduct may be a basis for withholding a reduction for acceptance of responsibility.  *See Medina-Anicacio*, 325 F.3d at 648.  *Preciado-Delacruz*, 801 F.3d at 511-12.

Harden also argues that the sentence was procedurally and substantively flawed because the district court did not consider the application of 18 U.S.C. § 3664, which requires the Government to prove the victim's loss

for purposes of restitution and requires the district court to resolve any dispute concerning loss by a preponderance of the evidence.  The purpose of restitution is to compensate a victim for his actual loss.  *United States v. Sharma*, 703 F.3d 318, 322 (5th Cir. 2013).  Although the Government has the burden of proving the victim's actual loss, *see United States v. De Leon*, 728 F.3d 500, 506 (5th Cir. 2013), the district court may adopt the amount in the Presentence Report (PSR) if the amount has an adequate evidentiary basis and is unrebutted by the defendant.  *United States v. Zuniga*, 720 F.3d 587, 591 (5th Cir. 2013).  In the instant case, the PSR stated that the coconspirators used 29 different credit cards and performed fraudulent credit card transactions at three different casinos, resulting in a total actual loss of $61,438.86 to Bank of America.  It further provided that the casinos had videos of the defendants entering the casinos and conducting the fraudulent credit card transactions. The district court did not err in adopting the loss amount in the PSR because the amount was based on an adequate evidentiary basis and was unrebutted by Harden.  *See id.*; *see also United States v. Smith*, 528 F.3d 423, 425 (5th Cir. 2008).

Finally, as to Scott, his challenge to the district court's decision denying him a reduction for acceptance of responsibility is moot due to his release from imprisonment and his failure to challenge the terms of his supervised release. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *United States v. Juvenile Male*, 564 U.S. 932, 936 (2011).

Accordingly, the judgments of the district court as to Holmes, Cassiberry, and Harden are AFFIRMED.  Scott's appeal is DISMISSED as moot.