# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-40699

United States Court of Appeals
Fifth Circuit

**FILED**

April 18, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee

v.

DOMINGO GARCES,

　　　　Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:15-CR-1162-1

Before KING, JOLLY, and PRADO, Circuit Judges.

PER CURIAM:*

Domingo Garces appeals the sentence he received following his guilty plea conviction for possession with the intent to distribute marijuana. The issue in this appeal is whether the district court committed reversible error in applying the career offender enhancement under U.S. Sentencing Guideline § 4B1.1. This, in turn, depends upon whether Garces' conviction for

---

* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40699

aggravated assault under Texas Penal Code § 22.02(a) constitutes a conviction for a "crime of violence" under U.S.S.G. § 4B1.2.

We review "a district court's interpretation or application of the Sentencing Guidelines . . . de novo, and its factual findings . . . for clear error." *United States v. Cisneros–Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008) (citation and internal marks omitted). Additionally, this Court reviews de novo "a preserved constitutional challenge to the Guidelines' application." *United States v. Preciado-Delacruz*, 801 F.3d 508, 511 (5th Cir. 2015).

Garces contends that, even though "aggravated assault" is an enumerated "crime of violence" in Application Note 1 to § 4B1.2, Texas aggravated assault is not a crime of violence because: (1) it does not have as an element the use, attempted use, or threatened use of physical force against the person of another; (2) the residual clause of § 4B1.2(a)(2) is unconstitutionally vague; and (3) the commentary's listing of "aggravated assault" as a crime of violence must be disregarded because it is inconsistent with and does not interpret or explain the remaining Guideline text. We disagree.

Aggravated assault under Texas Penal Code § 22.02(a) qualifies as a crime of violence under § 4B1.2(a)(2).[1] As the Supreme Court recently held, "[t]he residual clause in §4B1.2(a)(2) . . . is not void for vagueness" because "the Guidelines are not subject to a vagueness challenge under the Due Process Clause." *Beckles v. United States*, No. 15-8544, 2017 WL 855781, at *6 (U.S. Mar. 6, 2017). The residual clause therefore provides a textual hook for the Guideline commentary's list of enumerated offenses, making the commentary

---

[1] We therefore need not, and do not, reach the question of whether Texas aggravated assault is a crime of violence under the elements clause of § 4B1.2(a)(1). Accordingly, this Court DENIES Garces' motion to reconsider its decision to grant the Government's motion to supplement the record on appeal with state court documents relevant to the issue of whether Garces' conviction had as an element the use, attempted use, or threatened use of physical force.

consistent with and an interpretation or explanation of § 4B1.2 text. *See Stinson v. United States*, 508 U.S. 36, 42–43 (1993).

As this Court has previously held, a conviction for aggravated assault under Texas Penal Code § 22.02(a) qualifies as a conviction for the enumerated offense of "aggravated assault" and is a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii). *United States v. Guillen–Alvarez*, 489 F.3d 197, 199–201 (5th Cir. 2007). "[T]he crime of violence analysis applies consistently for guidelines calculations involving § 4B1.2 and § 2L1.2." *United States v. Flanagan*, No. 15-10780, 2016 WL 3455950, at *1 (5th Cir. June 23, 2016) (citing *United States v. Rayo-Valdez*, 302 F.3d 314, 318 (5th Cir. 2002)); *see, e.g.*, *United States v. Shepherd*, 848 F.3d 425, 427–28 (5th Cir. 2017). *Guillen–Alvarez* is therefore controlling. *E.g.*, *United States v. Fernandez*, 292 F. App'x 301, 304 n.3 (5th Cir. 2008) (citation omitted). Accordingly, the district court did not err in determining that Garces' prior conviction for aggravated assault was a crime of violence and applying the career offender enhancement.

The judgment of the district court is therefore AFFIRMED.