# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 16-41482
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

June 21, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICHARD KEITH TAYLOR,

Defendant-Appellant

————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:08-CR-16-1

————

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Richard Keith Taylor pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), and he was sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e), to 235 months of imprisonment and four years of supervised release. Following the grant of Taylor's 28 U.S.C. § 2255 motion, which challenged his designation as an armed career criminal in light of *Johnson v. United States*, 135 S. Ct. 2551

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(2015), the district court vacated his sentence and resentenced him to time served and three years of supervised release.  The issue in this appeal is whether the district court committed reversible error in applying the base offense level under U.S.S.G. § 2K2.1(a)(2) because "the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." This, in turn, depends upon whether Taylor's prior convictions for aggravated assault under Texas Penal Code § 22.02(a) constitute convictions for a "crime of violence" under § 2K2.1(a) and U.S.S.G. § 4B1.2(a).

Taylor contends that Texas aggravated assault is not a crime of violence because (1) the residual clause of § 4B1.2(a)(2) is unconstitutionally vague following *Johnson*; and (2) the offense does not have as an element the use, attempted use, or threatened use of physical force against the person of another.  We review a district court's interpretation or application of the Sentencing Guidelines de novo, and its factual findings for clear error.  *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).  Additionally, we review de novo "a preserved constitutional challenge to the Guidelines' application."  *United States v. Preciado-Delacruz*, 801 F.3d 508, 511 (5th Cir. 2015), *cert. denied*, 136 S. Ct. 2007 (2016).  However, as Taylor did not raise either issue in the district court, review is only for plain error.  *See United States v. Juarez*, 626 F.3d 246, 253-54 (5th Cir. 2010).

In *Beckles v. United States*, 137 S. Ct. 886, 897 (2017), the Supreme Court declined to extend *Johnson* to guidelines determinations and instead held: "Because the advisory Sentencing Guidelines are not subject to a due process vagueness challenge, § 4B1.2(a)'s residual clause is not void for vagueness." Further, even assuming Taylor could satisfy the first three prongs of the plain error analysis, we halt at the fourth prong and decline to exercise

No. 16-41482

our discretion to remedy any error by the district court in calculating the guidelines range and imposing the time-served sentence. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

AFFIRMED.