# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50045
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
October 16, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SHAUN ALAN GLAZE,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:16-CR-181-1

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

Shaun Alan Glaze appeals the 57-month sentence imposed following his guilty-plea conviction for being a felon in possession of a firearm. Glaze argues that the district court erred by imposing an enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(B) because the Government failed to proffer sufficient evidence to establish that he was engaged in drug trafficking.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50045

As Glaze's objection below, which was based upon the firearm's lack of proximity to the drugs and drug paraphernalia at issue, failed to alert the district court sufficiently to his current argument, plain error review applies. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). A district court's determination that a firearm was possessed in connection with another offense for purposes of § 2K2.1(b)(6)(B) is a factual finding. *See United States v. Coleman*, 609 F.3d 699, 708 (5th Cir. 2010). "Questions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error." *United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991); *accord United States v. Delacruz*, 801 F.3d 508, 512 (5th Cir. 2015). Thus, Glaze necessarily fails to show plain error. *See Mondragon-Santiago*, 564 F.3d at 361.

AFFIRMED.