## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30435
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 6, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TONY VERNEL LUCIUS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:16-CR-125-11

Before BENAVIDES, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:*

Tony Vernel Lucius appeals the sentence imposed following his guilty plea conviction for conspiracy to distribute and to possess with intent to distribute cocaine and 50 grams or more of methamphetamine actual. He argues that the district court erred in sentencing him as a career offender under U.S.S.G. § 4B1.1 and U.S.S.G. § 4B1.2 based in part upon his prior Louisiana conviction for conspiracy to commit purse snatching. Lucius argues

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30435

that because conspiracy is not a crime of violence under Louisiana law, conspiracy is not a crime of violence under the Guidelines.  He contends that conspiracy is an inchoate offense and is not a crime in and of itself.  In addition, Lucius challenges the application of the career offender enhancement because he committed the purse snatching offense when he was 17 years old.

Lucius preserved his arguments for appellate review by raising the issues in the district court.  Accordingly, we review his claims de novo.  *See United States v. Hinkle*, 832 F.3d 569, 574 (5th Cir. 2016).

Although Lucius argues that conspiracy does not constitute a crime of violence, he fails to argue that purse snatching does not constitute a crime of violence.  Thus, this issue is waived.  *See United States v. Reagan*, 596 F.3d 251, 254 (5th Cir. 2010) (holding that "a failure to brief . . . constitutes waiver" of an issue on appeal).  Moreover, application note 1 to § 4B1.2 specifically states that a crime of violence includes "the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." § 4B1.2, comment. (n.1).  Finally, a "[p]rior felony conviction" includes crimes punishable by death or more than a year's imprisonment that were committed when the defendant was less than 18 years of age, if the conviction "is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted." § 4B1.2, comment. (n.1).  Because Lucius was 17 years old when he committed the conspiracy to commit purse snatching, he was an adult under Louisiana law.  *See* § 4B1.2, comment. (n.3); LA. CHILD CODE ANN. art. 804(1)(a).  Thus, his conviction qualified as a crime of violence under § 4B1.1(a) and § 4B1.2(a).

Relying on *Roper v. Simmons*, 543 U.S. 551, 569-75 (2005), *Graham v. Florida*, 560 U.S. 48 (2010), *Miller v. Alabama*, 567 U.S. 460, 465 (2012), and *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), Lucius argues that using the

No. 17-30435

conspiracy to commit purse snatching conviction to enhance his sentence under the career offender guidelines violated the Eight Amendment because he was 17 years old at the time of conviction.  When a defendant has challenged the constitutionality of a guidelines provision, we review de novo.  *See United States v. Preciado-Delacruz*, 801 F.3d 508, 511 (5th Cir. 2015).

*Roper*, *Graham*, *Miller*, and *Montgomery* are distinguishable from the instant case because the juvenile defendants in those cases were sentenced to death or life in prison.  Moreover, "[t]here is not a national consensus that a sentencing enhancement . . . based, in part, on a juvenile conviction contravenes modern standards of decency."  *United States v. Mays*, 466 F.3d 335, 340 (5th Cir. 2006).   Thus, the judgment of the district court is AFFIRMED.