# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 18-11496
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

October 3, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CIRILO MANCILLA LOPEZ,

Defendant-Appellant

———————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CR-188-1

———————

Before BENAVIDES, GRAVES, and HO, Circuit Judges.

PER CURIAM:[*]

Cirilo Mancilla Lopez appeals the above-guidelines 36-month sentence of imprisonment imposed following his guilty plea conviction of illegal reentry in violation of 8 U.S.C. § 1326(a) and (b)(2). He contends that his sentence is substantively unreasonable because the district court overlooked considerations relevant to the need for adequate deterrence and clearly erred in balancing the sentencing factors.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11496

We review the substantive reasonableness of a sentence, whether imposed inside or outside the guidelines range, for abuse of discretion, giving deference to the district court's determination that the 18 U.S.C. § 3553(a) sentencing factors justify the sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007). Where a party has failed to preserve a specific argument regarding the substantive reasonableness of the sentence, we review for plain error. *See United States v. Preciado-Delacruz*, 801 F.3d 508, 511 (5th Cir. 2015). An above-guidelines sentence "unreasonably fails to reflect" the § 3553(a) sentencing factors if "it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Gerezano-Rosales*, 692 F.3d 393, 400-01 (5th Cir. 2012) (internal quotation marks and citation omitted). A sentence is not unreasonable merely because a different sentence might also have been appropriate. *See Gall*, 552 U.S. at 51.

Here, the district court determined that a sentence above the guidelines range of 10 to 16 months of imprisonment was appropriate in light of Mancilla Lopez's criminal history and the fact that he had not been deterred by the 90-month sentence on his most recent illegal reentry conviction. Having considered Mancilla Lopez's preserved arguments regarding his family in Mexico and his criminal history, as well as his unpreserved argument regarding the district court's comments about the 90-month sentence Mancilla Lopez received for a previous illegal reentry conviction, we are not persuaded that the district court reversibly erred. *See Gall*, 552 U.S. at 51; *Preciado-Delacruz*, 801 F.3d at 511-12; *Gerezano-Rosales*, 692 F.3d at 400-01.

AFFIRMED.