# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-11651

United States Court of Appeals
Fifth Circuit

**FILED**

April 1, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ERIC FABIAN CRUZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CV-2164

Before DENNIS, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Eric Fabian Cruz, federal prisoner # 50182-177, pleaded guilty to four counts of distributing a controlled substance and one count of possession of a firearm by a felon. He was sentenced as a career offender under U.S.S.G. § 4B1.1 and U.S.S.G. § 4B1.2 (2015) to 188-month prison terms for the drug counts and a 120-month prison term as to the remaining count, with all terms running concurrently.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11651

Cruz now moves this court for a certificate of appealability (COA) to appeal the denial of his 28 U.S.C. § 2255 motion. To obtain a COA, Cruz must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court has rejected constitutional claims on the merits, as herein, the COA applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that an issue presented "deserve[s] encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

In his COA application, Cruz first challenges the designation of his prior Texas aggravated assault convictions as predicate crimes of violence under the career offender sentencing guideline, essentially arguing that the caselaw addressing Texas aggravated assault was unclear or in his favor when he pleaded guilty and was sentenced, unfavorable cases did not issue until after this time, and his attorney should have raised the issue in the district court.

Almost ten years before his conviction in 2016, this court considered the portions of Texas Penal Code § 22.01 and § 22.02 that are identical to the versions applicable to Cruz. *See United States v. Guillen-Alvarez*, 489 F.3d 197, 199-201 (5th Cir. 2007) (quoting TEX. PENAL CODE § 22.02(a) (2000) and TEX. PENAL CODE § 22.01 (2000)). After considering the statutes, we held that Texas aggravated assault constitutes the aggravated assault offense enumerated in the definition of a crime of violence under the illegal reentry guideline, § 2L1.2. *See id.* at 199-201. "[T]he crime of violence analysis applies consistently for guidelines calculations involving § 4B1.2 and § 2L1.2." *United States v. Flanagan*, 667 F. App'x 140, 141 (5th Cir. 2016) (citing *United States v. Rayo-Valdez*, 302 F.3d 314, 318 (5th Cir. 2002)).

No. 18-11651

In light of the foregoing precedent, it would have been meritless for counsel to argue that Cruz's § 22.02 aggravated assault offenses did not constitute the crime of violence offense enumerated in the career offender guideline. *See* § 4B1.2, comment. (n.1) (2015). Because counsel does not act deficiently by failing to raise a meritless argument, reasonable jurists would not debate the district court's rejection of Cruz's ineffective assistance claim. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999); *Green v. Johnson*, 160 F.3d 1029, 1041 (5th Cir. 1998); *United States v. Burleson*, 22 F.3d 93, 95 (5th Cir. 1994).

Next, Cruz argues that the district court should have held an evidentiary hearing before denying his claims concerning the designation of his prior convictions as crimes of violence and his counsel's ineffective assistance. As to this argument, we construe Cruz's COA request as a direct appeal, *see Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016), and affirm.

COA DENIED; AFFIRMED.